SCHOOL COMMITTEE OF AGAWAM *vs.* AGAWAM EDUCATION ASSOCIATION & others.[1]

Hampden.    January 6, 1977. — February 9, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & LIACOS, JJ.

*Arbitration.    Practice, Civil,* Appeal.    *Judgment.*

An order denying an application to stay an arbitration proceeding is not a final judgment appealable under G. L. c. 150C, § 16.    [846-847]

CIVIL ACTION commenced in the Superior Court on June 23, 1975.

The case was heard by *Cross,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*John J. Teahan* for the plaintiff.

*Brian A. Riley (Joan G. Dolan* with him) for the defendants.

WILKINS, J.    The School Committee of Agawam (committee) appeals from a judgment denying its motion under G. L. c. 150C, § 2 (*b*), to stay arbitration of a grievance advanced by the Agawam Education Association (asso-

---

[1] The other defendants are (a) Miriam Hirschhaut, the teacher in the Agawam school system, on whose behalf the defendant association filed a grievance and demanded arbitration, and (b) the president and secretary of the association, and the chairman of the Professional Rights and Responsibilities Committee of the association, individually and as representatives of the association.

ciation) on behalf of a teacher in the Agawam school system. The collective bargaining agreement between the committee and the association contains a grievance and arbitration procedure for the resolution of "those problems which from time to time may arise and affect the conditions of employment of the employees covered by" the agreement.

We dismiss the appeal because an order denying an application to stay an arbitration proceeding is not appealable under G. L. c. 150C, inserted by St. 1959, c. 546, § 1, concerning collective bargaining agreements to arbitrate controversies. Section 16 of G. L. c. 150C, which is set forth in the margin,[2] lists six circumstances in which an appeal is authorized. Although an appeal may be taken from "an order granting an application to stay arbitration made under paragraph (*b*) of section two," an appeal from an order denying such an application is not permitted. G. L. c. 150C, § 16. See *Maietta* v. *Greenfield,* 267 Md. 287, 293-294 (1972).

Although a judgment was entered in this case and appeals are permitted from judgments entered pursuant to G. L. c. 150C (see cl. [6] of § 16), judgment should not have been entered. It is true that the order declining to stay arbitration was conclusive of the issues then before the judge and was in that sense final. However, Rule 54 of the Massachusetts Rules of Civil Procedure (365 Mass. 820 [1974]) describes a "judgment" as "the act of the trial court finally adjudicating the rights of the parties affected . . . ." An order denying a request to stay arbitration is not an act finally adjudicating the rights of the parties affected.

---

[2] General Laws c. 150C, § 16, reads as follows: "An appeal may be taken from (1) an order denying an application to compel arbitration made under paragraph (*a*) of section two; (2) an order granting an application to stay arbitration made under paragraph (*b*) of section two; (3) an order confirming or denying confirmation of an award; (4) an order modifying or correcting an award; (5) an order vacating an award without directing a rehearing; or (6) a judgment or decree entered pursuant to the provisions of this chapter.

"Such appeal shall be taken in the manner and to the same extent as from orders or judgments in an action."

See *Harris* v. *State Farm Mut. Auto. Ins. Co.,* 283 So. 2d 147, 149 (Fla. App. 1973). The final adjudication will occur when the court acts after the arbitration proceeding is terminated. Although G. L. c. 150C preceded the adoption of the Massachusetts Rules of Civil Procedure, it is consistent with those rules in not requiring the entry of a judgment in such an instance. The court action stands in abeyance pending the conclusion of the arbitration. Further proceedings, which will finally adjudicate the rights of the parties, and thus warrant the entry of a judgment, can take place thereafter in the same court action. See *Teamsters Local 695* v. *County of Waukesha,* 57 Wis. 2d 62, 69-70 (1973). Consequently, in this proceeding there was no judgment from which an appeal properly could be taken.[3]

The legislative purpose is clear that an arbitration proceeding should not be delayed by an appeal when a judge has concluded that there is an "agreement to arbitrate" and "the claim sought to be arbitrated ... [states] a controversy covered by the provision for arbitration ...." See G. L. c. 150C, § 2 (*b*). The issue of arbitrability under the terms of an agreement may be preserved and raised subsequently in a proceeding seeking to vacate the arbitrator's award. G. L. c. 150C, § 11 (*a*) (3).[4] In a different context,

---

[3] In this case the order (and the judgment) simply denied the request for a stay of arbitration. General Laws c. 150C, § 2 (*b*), provides that where a stay of arbitration has been denied, "the court shall order the parties to proceed to arbitration ...." The order should have directed the parties to proceed to arbitration, but the association raises no objection to the form of the order and did not appeal.

[4] Neither party denies the existence of an agreement to arbitrate. The basic contest is over the arbitrability of the particular grievance. In such a situation, the issue may be raised again in the Superior Court on a motion to vacate an arbitrator's award, even if that issue was involved in an earlier unsuccessful attempt under § 2 (*b*) to stay the arbitration proceeding. G. L. c. 150C, § 11 (*a*) (3). If the issue in the § 2 (*b*) proceeding had been whether an agreement to arbitrate existed at all, G. L. c. 150C, § 11 (*a*) (5), forbids the losing party from seeking reconsideration of that issue on a motion to vacate the award. However, in that situation the determination under § 2 (*b*) is reviewable on appeal after the award is confirmed in the Superior Court. G. L. c. 150C, § 16.

we have expressed a view consistent with the legislative philosophy which denies review in these circumstances. In *Cavanaugh* v. *McDonnell & Co.,* 357 Mass. 452, 457 (1970), we said that "arbitration, once undertaken, should continue freely without being subjected to a judicial restraint which would tend to render the proceedings neither one thing nor the other, but transform them into a hybrid, part judicial and part arbitrational." An order staying arbitration, of course, stands on a different footing because of its finality and is appealable under § 16.

The view we reach is consistent with decisions in other jurisdictions which have statutes, like G. L. c. 150C, modeled on the Uniform Arbitration Act[5] or which have statutes not listing an order declining to stay arbitration as appealable.[6]

*Appeal dismissed.*

---

[5] *Roeder* v. *Huish,* 105 Ariz. 508, 510 (1970). *Harris* v. *State Farm Mut. Auto. Ins. Co.,* 283 So. 2d 147, 149 (Fla. App. 1973). *Maietta* v. *Greenfield,* 267 Md. 287, 290-291, 291-294 (1972) (analyzing cases in various jurisdictions). *Hirotaka Miyoi* v. *Gold Bond Stamp Co. Employees Retirement Trust,* 293 Minn. 376, 378 (1972).

[6] *Laufman* v. *Hall-Mack Co.,* 215 Cal. App. 2d 87, 88-89 (1963). *All-Rite Contracting Co.* v. *Omey,* 27 Wash. 2d 898, 900-901 (1947). *Teufel Constr. Co.* v. *American Arbitration Ass'n,* 3 Wash. App. 24, 25-27 (1970). *Teamsters Local 695* v. *County of Waukesha,* 57 Wis. 2d 62, 66-70 (1973).