E & V TRUCK LEASING, INC. & another *vs.* LAWRENCE R. ENNIS. March 28, 1977. The plaintiffs' counsel, in the several objections he made to the judge's charge to the jury, failed to direct the judge's attention to an omission concerning the allocation of the burden of proof on the issue of contributory negligence. Counsel appears rather to have been objecting to the judge's submission of the issue of contributory negligence to the jury — a contention not now pressed. While counsel did direct a number of objections to the judge's charge concerning the imputation of the individual plaintiff's contributory negligence, if any, to the corporate plaintiff, those objections, which are not clearly stated, appear to have been intended to raise the issue that, in the absence of evidence of the individual plaintiff's contributory negligence, the question of imputing that negligence to the corporate defendant should not have been submitted to the jury. The contentions now raised in the plaintiffs' brief cannot be said to have been brought to the judge's attention (much less with a distinct statement of grounds for objection now required by Mass.R.Civ.P. 51[b], 365 Mass. 816 [1974]). Any other result would enable a party to save his objections for use at the appellate level, as insurance against an adverse jury verdict.

*Judgments are to enter in accordance with the verdicts.*

The case was submitted on briefs.

*Robert F. Sylvia & Joel Lewin* for the plaintiffs.

*Vincent Galvin* for the defendant.


GEORGE A. FULLER CO., INC. *vs.* NELSON J. SANFORD & SONS, INC. & others. March 28, 1977. A recent case, *School Comm. of Agawam* v. *Agawam Educ. Assn.* 371 Mass. 845 (1977), held that the "judgment" entered in that case in the lower court denying an application to stay an arbitration proceeding was not a final judgment subject to appeal but was in effect an interlocutory order. The conclusion was based on the provisions of G. L. c. 150C, § 16. We cannot accept any of the plaintiff's arguments to the effect that a different result should obtain under the identical provisions of G. L. c. 251, § 18. The *Agawam* case controls the appeal in this case.

*Appeal dismissed.*

*James J. Myers (William A. Zucker* with him) for the plaintiff.

*Sally A. Corwin* for the defendants.