J & G CONSTRUCTION CO., INC. *vs.* JOSEPH E. BENNETT
Co., INC., & others.[1]

Franklin.  February 18, 1983. — September 21, 1983.

Present: KASS, SMITH, & WARNER, JJ.

*Practice, Civil,* Interlocutory appeal, Judgment, Failure to prosecute.
  *Arbitration,* Stay of judicial proceedings.

Where the plaintiff in an action on a construction contract did nothing for
  over three years with respect to a judge's interlocutory order staying
  the action pending arbitration and a notice of involuntary dismissal
  for lack of prosecution was filed pursuant to Mass.R.Civ.P. 41(b)(1),
  the judge erred in denying the plaintiff's motion praying that final
  judgment be entered and in ruling that the dismissal was not an ap-
  propriate basis for final judgment. [630-631]

CONTRACT.  Writ in the Superior Court dated June 7,
1973.

An application for an order to proceed with arbitration
was heard by *Moriarty,* J., and a motion for entry of judg-
ment was heard by him.

*Louis Kerlinsky* for the plaintiff.

*Marshall J. Handly* for Joseph E. Bennett Co., Inc.

SMITH, J.  In an attempt to have an appellate court
review an interlocutory order, the plaintiff moved for entry
of a final judgment.  A Superior Court judge denied the mo-
tion, and the plaintiff has appealed from the judge's deci-
sion.  We summarize from the record the procedural history
of the action.

The plaintiff, a subcontractor engaged in the construc-
tion of housing units in Greenfield, brought an action for
money owed to him by the general contractor on the proj-

---

[1] Maryland Casualty Company and Morton Myerson, Mark Waltch
and Richard A. Sullivan, doing business as Greenfield Gardens Company.

ect.   Other counts in the action were against the surety on a payment bond issued on the project and also the owners of the project.   The general contractor filed an application for an order to proceed to arbitration.   The plaintiff vigorously opposed the application and argued (1) that the agreement between the parties did not require arbitration, (2) that the demand for arbitration was not made within a reasonable time, and (3) that the arbitration clause was waived by the parties.   A Superior Court judge rejected the plaintiff's contentions and found that the contract between the plaintiff and the defendant included an agreement to arbitrate.   He ordered the parties to arbitration and stayed the action pending the completion of arbitration.

Because "[t]he legislative purpose is clear that an arbitration proceeding should not be delayed by an appeal," *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 847 (1977), the order of the judge was not a final judgment subject to appeal, but was an interlocutory order. *George A. Fuller Co.* v. *Nelson J. Sanford & Sons*, 5 Mass. App. Ct. 802 (1977).   Also see G. L. c. 150C, § 16.   Faced with the judge's order with which it disagreed, the plaintiff did nothing for over three years.   Because of its inactivity the plaintiff ran afoul of Mass.R.Civ.P. 41(b)(1), 365 Mass. 804 (1974), and a notice of involuntary dismissal for lack of prosecution was filed on April 21, 1978.   The notice stated that the action would be dismissed on April 21, 1979, "unless before that day the action has been tried, heard on the merits, otherwise disposed of, or unless the Court with or without notice shall otherwise order."   An examination of the docket shows that no order for judgment issued, nor was judgment entered on April 21, 1979, or any other date.[2] On December 1, 1981, the plaintiff filed a motion praying

---

[2] In these circumstances the stay of the proceedings does not prevent Mass.R.Civ.P. 41(b)(1) from operating.   The plaintiff after its long period of inactivity had another year from the time of the notice of dismissal to report the commencement of arbitration proceedings.   It, however, did nothing and its inaction does not prevent the machinery contemplated by Mass.R.Civ.P. 41(b)(1) from operating; else there would be no way ever to clear the docket in a case such as this.

that final judgment be entered "so that an appeal can be taken and so that it can take an appeal from the order of the [c]ourt staying this action until arbitration occurs." The judge denied the motion. The judge ruled that the action had been previously dismissed under Mass.R.Civ.P. 41(b)(1), and that the dismissal was without prejudice and not an adjudication upon the merits, Mass.R.Civ.P. 41(b)(3). The judge ruled that the dismissal was not an appropriate basis for a final judgment. In this regard he was mistaken. The ultimate consequence of a dismissal for lack of prosecution is a judgment of dismissal which closes the docket. From such a judgment a party may appeal. *McClintoch* v. *Allen*, 4 Mass. App. Ct. 771 (1976). But in regard to this case we are at a loss to understand what such an appeal would bring before us. The order compelling arbitration was unremarkable, giving effect, as it did, to an arbitration clause in a construction contract.

The order refusing to enter a judgment dismissing the action is reversed and a judgment dismissing the plaintiff's action is to enter.

*So ordered.*