(670 P.2d 76)
No. 55,027

HERBERT C. HODES, M.D., *Appellant*, v. COMPREHENSIVE HEALTH ASSOCIATES, P.A., *Appellee.*

 Opinion filed October 13, 1983. 

*Douglas Lancaster* and *Charles E. Kelly,* of Shughart, Thomson & Kilroy, of Overland Park, for appellant.

*C. Maxwell Logan,* of Logan & Martin, of Olathe, for appellee.

Before REES, P.J., ABBOTT, J., and HARRY G. MILLER, District Judge Retired, assigned.

REES, J.: On August 3, 1981, plaintiff, a physician, filed a petition alleging he and defendant, a medical clinic, were parties to a November 20, 1977, written personal services agreement which expired November 20, 1979, and that the parties entered into new oral agreements. Plaintiff further alleged breach of contract by defendant and existence of a controversy between the parties concerning present viability of the written agreement. The relief sought by plaintiff was twofold: judicial determination of "the validity and/or existence" of the written agreement and judgment against defendant for the amount owed by defendant to plaintiff for his services rendered during the period from November 20, 1977 to July 19, 1981, to be determined by a judicially ordered accounting.

Plaintiff's commencement of this lawsuit was precipitated by defendant's July 27, 1981, demand for determination by arbitration of the fair value of the professional practice of a "second office" and of the unamortized cost of the "second office's" leasehold improvements, equipment and furniture. Defendant founded its demand for arbitration upon a paragraph of the parties' written agreement which reads:

"8. If you continue the practice of medicine within a 50 mile radius of Kansas City for more than thirty days after termination of your relationship with Comprehensive, you shall purchase the professional practice of the Second Office at the fair value thereof, together with the leasehold improvements, equipment, and furniture (if previously purchased from you by Comprehensive) at their unamortized cost and shall thereafter hold harmless Comprehensive from any and all obligations for rent with respect to said office. In the event Comprehen-

sive is unable to agree with you upon the purchase price, the same shall be determined by binding arbitration in Kansas City before three arbitrators under the rules of the American Arbitration Association."

On August 6, 1981, following the filing of his petition, plaintiff first filed an application for a stay of arbitration under K.S.A. 5-402(*b*). He then filed on that same day an application for a temporary restraining order which was immediately issued ex parte. By the express language of the temporary restraining order application and its supporting memorandum, the relief sought was that defendant be restrained from prosecuting the demanded arbitration proceedings until hearing and decision on the K.S.A. 5-402(*b*) application for stay. Evidentiary hearings were subsequently held. Plaintiff now has taken an appeal from the trial court's order memorialized by a journal entry reciting:

"[P]laintiff . . . filed an Application for Stay pursuant to the provisions of K.S.A. 5-402(*b*) for an Order . . . staying certain arbitration proceedings commenced by the defendant.

"On November 13, 1981 . . . [and] August 11, 1982, this Court heard . . . evidence by both plaintiff and defendant relative to Plaintiff's Application for Stay of Arbitration Proceedings, pursuant to K.S.A. 5-402(*b*).

"On September 14, 1982 . . . this Court handed down a . . . Memorandum Decision and the findings of fact and conclusions of law of said Memorandum Decision are incorporated herein by reference.

. . . .

"IT IS BY THE COURT ORDERED that the temporary restraining order previously entered herein is hereby dissolved and the parties are hereby directed to proceed with arbitration . . . ."

We conclude the appeal presented is from an order denying an application to stay arbitration made under K.S.A. 5-402(*b*) and the trial court order cannot be construed as an order refusing or dissolving an injunction. Plaintiff obtained the relief he sought by the application for a temporary restraining order; defendant was restrained from prosecution of the arbitration proceedings until the hearing and decision on the K.S.A. 5-402(*b*) stay application.

The right to an appeal is strictly statutory in nature. It is our duty to raise the question of jurisdiction on our own motion. *In re K-Mart Corp.*, 232 Kan. 387, 389, 654 P.2d 470 (1982); *Meddles v. Western Power Div. of Central Tel. & Utilities Corp.*, 219 Kan. 331, 333-334, 548 P.2d 476 (1976). By order prior to oral argument we raised the question of appellate jurisdiction in this case, and the parties filed responsive memoranda on the issue.

K.S.A. 5-418(*a*)(1) and (2) set forth the statutory right to immediate appeal from orders on applications made under K.S.A. 5-402. Appeals may be taken from orders denying applications to compel arbitration and orders granting applications to stay arbitration. K.S.A. 5-418(*a*)(1) and (2) do not grant the right to appeal from an order denying an application to stay arbitration made under K.S.A. 5-402(*b*).

We conclude this appeal must be dismissed. Our conclusion is in accord with foreign authority concerning orders denying stay applications or granting applications to compel arbitration. See *Roeder v. Huish,* 105 Ariz. 508, 510, 467 P.2d 902 (1970); *Harris v. State Farm Mutual Automobile Ins. Co.,* 283 So. 2d 147, 149 (Fla. Dist. Ct. App. 1973); *Maietta v. Greenfield,* 267 Md. 287, 291, 297 A.2d 244 (1972); *School Committee of Agawam v. Agawam Education Association,* 371 Mass. 845, 846-47, 359 N.E.2d 956 (1977); *George A. Fuller Co., Inc. v. Nelson J. Sanford & Sons, Inc., & others,* 5 Mass. App. 802, 360 N.E.2d 1281 (1977); *Hirotaka Miyoi v. Gold Bond Stamp Company Employees Retirement Trust and Others,* 293 Minn. 376, 378, 196 N.W.2d 309 (1972). In *Jardine-Matheson Co., Ltd., v. Pacific O. Co.,* 100 Cal. App. 572, 575-76, 280 Pac. 697 (1929), we find it said:

"[T]he fact that the legislature saw fit to specify in one code section the different orders and judgment from which appeals may be taken clearly indicates, in our opinion, an intention to restrict the appeals in such proceeding to the orders and judgment therein specified; and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated."

The trial court decision denying plaintiff's stay application and ordering the parties to proceed with arbitration is interlocutory. No immediate appeal is available. Except as it may be affected by other developments, the purported error of the trial court will be reviewable after the entry of a final decision and judgment.

Appeal dismissed.