18 Mass. App. Ct. 117                                              117

Old Rochester Regional Teacher's Club *v.* Old Rochester Regional School District.

OLD ROCHESTER REGIONAL TEACHER'S CLUB & another[1] *vs.*
OLD ROCHESTER REGIONAL SCHOOL DISTRICT & another.[2]

Plymouth.   February 9, 1984. — May 11, 1984.

Present: BROWN, PERRETTA, & DREBEN, JJ.

*Practice, Civil,* Interlocutory appeal. *Arbitration,* Appeal of order compel-
ling arbitration.

An order allowing an application to compel arbitration is not appealable.
[118]
An order denying a motion to enjoin arbitration proceedings is not appeal-
able. [118-119]

CIVIL ACTION commenced in the Superior Court Department
on November 10, 1982.

Pretrial motions respecting arbitration were heard by *Ford,* J.

*Donald J. Fleming* for the defendants.

*Charles M. Healey, III,* for the plaintiffs.

BROWN, J.   This action was brought in the Superior Court
to obtain judicial review of the dismissal by the defendant
school district of the plaintiff Browne as a tenured teacher or,
in the alternative, to obtain a declaratory judgment that Browne
is entitled to have his rights determined by arbitration. The
plaintiffs also sought an order requiring "the defendants to
proceed to arbitration under G. L. c. 150E, § 8, and G. L.
c. 150C, § 2, for a resolution of their dispute relative to the
termination of the employment of the plaintiff [Browne]." In
addition to contesting the merits, the defendants moved for the
issuance of a preliminary injunction against Browne's pursuing
his claim for arbitration.

---

[1] H. Stevens Browne.

[2] The superintendent of schools.

The defendants appeal from an ensuing order compelling arbitration and the denial of their motion for a preliminary injunction against Browne's pursuing his claim for arbitration. The appeal must be dismissed.

By identical provisions in G. L. c. 150C, § 16, and G. L. c. 251, § 18, the Legislature has enumerated various types of judgments, orders, and decrees involving arbitration from which an appeal may be taken. As we are of opinion that the Supreme Judicial Court has adopted the view that those enumerations are comprehensive, an appeal (at least as of right) from any type of order not so enumerated is precluded. See *School Comm. of Agawam* v. *Agawam Educ. Assn.,* 371 Mass. 845, 846 (1977), where the court dismissed an appeal from an order denying an application to stay an arbitration proceeding. See also *George A. Fuller Co.* v. *Nelson J. Sanford & Sons, Inc.,* 5 Mass. App. Ct. 802 (1977). Likewise, this court, relying on the *Agawam* decision and G. L. c. 251, § 18, has indicated that no appeal will lie from an order compelling arbitration. See *Greenleaf Engr. & Constr. Co.* v. *Teradyne, Inc.,* 15 Mass. App. Ct. 571, 573 (1983); *J & G Constr. Co.* v. *Joseph E. Bennett Co.,* 16 Mass. App. Ct. 629, 630 (1983).

On appeal, however, the defendants assert that the *Agawam* case was legislatively overruled by St. 1977, c. 405, which inserted a second paragraph in G. L. c. 231, § 118, under which appeals may be taken as of right from orders granting or denying preliminary injunctions. The defendants correctly note that the *Agawam* case was decided before that amendment; the same is true of the *Fuller* case, *supra.* The defendants' argument also appears to suggest that appeals may now be taken not only from orders denying a stay of arbitration, but also from orders compelling the parties to proceed to arbitration, contrary to the suggestions in the *Greenleaf* and *J & G* cases, neither of which is cited in the defendants' brief.

We are unable to discern any reason for treating in these circumstances a denial of a motion for a preliminary injunction any differently from a denial of a stay. To the contrary, sound practice requires similar judicial treatment, and if one is not

an appealable order, neither should be the other. No language within the second paragraph of G. L. c. 231, § 118, suggests otherwise.

*Appeal dismissed.*