TOWN OF SEEKONK *vs*. INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL No. 1931. April 29, 1985. *Practice, Civil*, Interlocutory appeal, Injunction. *Injunction. Arbitration*, Enjoining arbitration.

This case comes before us on an appeal from an order of a single justice of this court, which directed the entry of a preliminary injunction that had been denied in the Superior Court. The union, according to the town's complaint, had claimed arbitration of an employee grievance concerning disciplinary action taken against certain employees. The disciplinary action had been imposed by the board of selectmen. The town had brought a previous action to enjoin arbitration, which resulted in the entry of a final judgment in April, 1984, enjoining arbitration of the grievance. That judgment

was not appealed. The present complaint was filed in August, 1984, to enjoin arbitration of the same underlying grievance based on a new demand for arbitration that had been made by the union in the meantime. One of several grounds enumerated in the complaint for the relief sought was the res judicata effect of the earlier judgment. This reason was mentioned particularly by the single justice in ordering the entry of the preliminary injunction.

There was no error. The single justice had authority to order the entry of a preliminary injunction under G. L. c. 231, § 118, first par., as appearing in St. 1982..c. 65. *Edwin R. Sage Co.* v. *Foley*, 12 Mass. App. Ct. 20, 22-25 (1981). Although the Superior Court order denying such an injunction was not appealable (see *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 846-847 [1977]; *Old Rochester Regional Teacher's Club* v. *Old Rochester Regional Sch. Dist.*, 18 Mass. App. Ct. 117, 118-119 [1984]), the authority of the single justice under the first paragraph of § 118 extends to interlocutory orders generally, not only those that are appealable. Here the order lay well within the judge's discretion; the union's claim to be entitled to arbitration is sufficiently doubtful to warrant preservation of the status quo until the question of arbitrability has been resolved.

At this stage it is impossible to rule as matter of law whether the principle of res judicata does or does not apply. The record does not disclose the ground on which the final judgment in the first action was based: whether on the failure of the union at that time to have exhausted a preliminary step in the grievance procedure (as the union now suggests), or on one of several grounds enumerated in the first complaint which, if accepted by the judge, would constitute a ruling that arbitration of the grievance was permanently foreclosed. Various affidavits and attachments to the first complaint, to which the original judge alluded in entering judgment, are not before us. Perhaps they would shed light on what was resolved by the first judgment. Consider Restatement (Second) of Judgments § 20(2) comment e and illustration 4 (1982).

*Order affirmed.*

*Jeffrey S. Entin* for the defendant.
*James Goldberg* for the plaintiff.