VIRGINIA LALONDE[1] *vs.* STEPHEN LALONDE & others.[2] No. 89-P-774. April 6, 1990. *Practice, Civil,* Interlocutory appeal, Stay of proceedings.

Presented by two of the defendants with motions to dismiss and motions for summary judgment, a Superior Court judge sensibly determined, on his own motion, to stay all proceedings in the Superior Court, pending determination of a bitter and highly publicized custody dispute in the Probate Court. It was, at the time of the order for a stay, highly likely that the parties would reconsider their positions in the light of the outcome of the Probate Court proceeding. To that main event the Superior Court case was an ancillary one at which Virginia LaLonde had brought an action alleging intentional tort (sexual abuse of the child) against her former husband and actions of negligence against various professionals (psychologists and lawyers) who had come to a different conclusion about whether an instance of sexual abuse had occurred.

The first and, as things fall out, the only question we have to consider is whether an appeal may be brought from a stay of trial court proceedings. We have no difficulty in concluding that an appeal does not lie. An order for a stay of judicial proceedings is not a final judgment nor its functional equivalent. The very purpose of a stay order is to place the case on ice and, thus, not come to the stage of final judgment. It is settled to the level of dogma that, subject to a few specific recognized exceptions, appellate review may proceed only from a final judgment. G. L. c. 231, § 113. *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312-313 (1975). *Pollack* v. *Kelly*, 372 Mass. 469, 470-472 (1977). *National Assn. of Govt. Employees, Inc.* v. *Central Bdcstg. Corp.*, 379 Mass. 220, 222 n.2 (1979), cert. denied, 446 U.S. 935 (1980). *Koonce* v. *Aldo Realty Trust*, 8 Mass. App. Ct. 199 (1979). One of the recognized exceptions to the general rule foreclosing appeals from interlocutory orders is the right to appeal from an order staying arbitration. That right to an interlocutory appeal, however, is expressly authorized by statute, G. L. c. 150C, § 16, and G. L. c. 251, § 18. *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 846-847 (1977). *Fuller* v. *Nelson J. Sanford & Sons, Inc.*, 5 Mass. App. Ct. 802 (1977). *Old Rochester Regional Teacher's Club* v. *Old Rochester Regional Sch. Dist.*, 18 Mass. App. Ct. 117, 118 (1984). The very fact that it was necessary expressly to authorize by statute appeals from an order staying arbitration illuminates that stay orders generally fall into the broad category of interlocutory orders which are not reviewable until the

[1]Individually and as the parent and next friend of her daughter Nicole.
[2]Anita Mehlman, Barry Elkin, George P. Lordan, Jr., and Frances Goldfield.

case has gone to final judgment. So, by way of highly illustrative example, the reverse of an order staying arbitration, an order which stays judicial proceedings and orders arbitration, is not appealable. *J & G Constr. Co.* v. *Joseph E. Bennett Co.*, 16 Mass. App. Ct. 629, 630 (1983).

That orders staying judicial proceedings may not be appealed to a full panel does not mean that a party which considers a stay order arbitrary, capricious, and outcome determinative is entirely without an avenue of relief. Review of an interlocutory order may be sought before a single justice of an appellate court under G. L. c. 231, § 118, first par. We do not intimate there was any basis for such relief in the instant case; far from it. Since the inception of this appeal the Probate Court case has been determined. In light of that decision we assume that the plaintiff will, indeed, wish to reconsider pressing the instant case.

*Appeal dismissed.*

The case was submitted on briefs.
*Beth S. Herr* for Virginia LaLonde.
*Peter C. DiGangi* for Stephen LaLonde.
*Carmen A. Frattaroli* for George P. Lordan, Jr.