Butler, J.
This matter comes before the court as an outgrowth of a custody dispute pending in the Plymouth County Probate and Family Court between the parents of two children. In the instant dispute, the plaintiffs, Lawrence R. Whiting, M.D. (Lawrence Whiting) and his parents, Lewis and Esther Whiting, filed a suit against Catherine Whiting, the children’s mother, as well as against various family members and professionals, who, they allege, have tortiously aided Catherine Whiting in her efforts to keep Lawrence Whiting from visiting the children. Pursuant to Mass.R.Civ.P. 12(b)(6), Catherine Whiting now moves to dismiss the complaint.
BACKGROUND
Catherine and Lawrence Whiting were married in 1985. Their two children, Emily and Charles, were born in 1987 and 1988, respectively. In 1989 or early 1990, Catherine Whiting filed for divorce in the New Hampshire Probate Court in Grafton County, where the family had been living at the time. Shortly thereafter, she moved with the two children to Bridgewater, Massachusetts, and Lawrence Whiting moved to Worcester. Conflict arose between Lawrence and Catherine Whiting regarding visitation with the children. Lawrence Whiting alleges that Catherine Whiting took the children to several therapists in 1991 to establish a basis to prevent him from visiting the children.
In December 1991, Catherine Whiting filed in Plymouth Couniy Probate and Family Court and in New Hampshire Superior Court at Grafton Couniy complaints against Lawrence Whiting, alleging that he had sexually abused Emily during a visitation. The Department of Social Services (DSS) commenced an investigation into the matter. Amid these events, on March 5, 1992, the New Hampshire Superior Court suspended the visitation rights of Lawrence Whiting and his parents.
On May 21, 1992, the New Hampshire Probate Court issued a final divorce decree, which gave Catherine Whiting physical custody of the children, and Lawrence Whiting visitation rights. On December 2, 1994, the New Hampshire Probate Court in Grafton County approved a Proposed Final Order of Visitation. Under the visitation order, Lawrence Whiting was permitted to have supervised visits with his children.
On December 23, 1994, Lawrence Whiting filed in Plymouth County Probate and Family Court a complaint to modify the New Hampshire Probate Court’s visitation order pursuant to G.L.c 208, §29, and a Motion for Temporary Order. He dismissed his complaint on January 17, 1995, but filed another complaint to modify the visitation order on July 17, 1995. This action is still pending at the Plymouth County Probate and Family Court. The basis of his action before the Probate Court is that he has not been able to see his children except for ten visits between March 1994 and July 1994.
On December 22, 1994, Lawrence Whiting filed the instant action in Worcester Superior Court against Catherine Whiting, her father, and several legal and health care professionals who aided her in the custody *104 dispute. Plaintiffs allege that Catherine Whiting took the children to different therapists in efforts to establish grounds to terminate Lawrence’s visitation rights, and that she conspired with the other defendants to deprive plaintiffs of visitation. Lawrence Whiting’s complaint alleges the following counts: civil conspiracy, abuse of process, intentional and negligent infliction of emotional harm, unfair business practices in violation of G.L.c. 93A, breach of fiduciary duly, libel, loss of consortium, negligence, and invasion of privacy/false light.
Catherine Whiting now moves to dismiss this action.
DISCUSSION
In support of her motion to dismiss, Catherine Whiting maintains that the complaint in the instant case simply recasts a domestic relations controversy into tort claims in order to obtain review by the Superior Court. The Plymouth Probate and Family Court has exclusive jurisdiction over the Whitings’ child custody dispute. G.L.c. 215, §4. While this court cannot determine the plaintiffs right to visit his children, it does exercise jurisdiction over tort claims ancillary to matters before the Probate and Family Court. See LaLonde v. LaLonde, 28 Mass.App.Ct. 969 (1989) (rescript) (Superior Court entertained jurisdiction over mother’s claims of intentional tort (sexual abuse of her child by former husband) and negligence (by professionals opining about whether abuse occurred) even though custody battle was ongoing in Probate Court). Thus, this court has jurisdiction over Lawrence Whiting’s ancillary tort claims.
A judge may, on her own motion, decide to stay Superior Court proceedings pending determination of a custody dispute before the Probate Court. See LaLonde, 28 Mass.App.Ct. at 969.
The outcome of the proceedings in the Plymouth County Probate and Family Court, including Lawrence Whiting’s motion to modify the visitation order, may affect this ancillary tort action. The crux of the complaint, alleging that defendants have torüously interfered with Lawrence Whiting’s visitation rights, appears to relate to ongoing events in the custody dispute at the Probate Court. It is therefore appropriate that this matter be stayed pending resolution of the custody dispute.
ORDER
For the foregoing reasons, it is hereby ORDERED that all proceedings in the Superior Court in this matter be STAYED pending determination of Lawrence and Catherine Whiting’s custody dispute in the Plymouth County Probate Court.