(118 P.3d 704)
No. 92,153

MAX RIEKE & BROTHERS, INC., *Appellant,* v. VAN DEURZEN & ASSOCIATES, P.A., *Appellee.*

Opinion filed September 2, 2005.

*Michael A. Millett,* of Law Offices of Michael A. Millett, of Overland Park, for appellant.

*Ronald D. Montieth* and *Theresa Shean Hall,* of Harris, McCausland & Schmitt, P.C., of Kansas City, Missouri, for appellee.

Before MCANANY, P.J., GREEN, J., and LARSON, S.J.

GREEN, J.: Max Rieke & Brothers, Inc., (Rieke) appeals from the trial court's decision vacating an arbitration award entered in Rieke's favor and ordering a new arbitration hearing. We are unable to address the merits of Rieke's arguments on appeal, however, as this court lacks jurisdiction. K.S.A. 5-418(a)(5) directs that an appeal may be taken from "[a]n order vacating an award *without directing a rehearing.*" (Emphasis added.) There was not a final and appealable order in this case as the trial court ordered a new arbitration hearing. Accordingly, we dismiss Rieke's appeal.

The instant case involves a dispute over payment for services rendered by Van Deurzen after the collapse of a portion of a modular retaining wall designed by Van Deurzen and built by Rieke for a Home Depot store in Shawnee, Kansas.

Van Deurzen had been initially contacted by John F. Lutjen & Associates, the civil engineer for the Home Depot project, to produce design drawings for a modular retaining wall. Van Deurzen's design drawings were made available to installers who would then bid on the modular retaining wall portion of the Home Depot project. Rieke was the low bidder for the construction of the Home

Depot project, which included constructing the modular retaining walls.

Rieke entered into a contract with Van Deurzen in which Rieke agreed to pay Van Deurzen $12,200 plus expenses to produce modular retaining wall structural design calculations and construction documents. Article 3 of the contract relating to additional services stated in part: "Additional Services not included in the Scope of Basic Services shall be provided for a[n] additional fee if authorized or confirmed in writing by [Rieke] and they shall be paid for by [Rieke] as provided in this Agreement." Under Article 9 of the contract, the parties agreed that "[c]laims, disputes or other matters in question between [Rieke] and [Van Deurzen] arising out of or relating to this Agreement or breach thereof not exceeding Fifty Thousand Dollars ($50,000.00) shall be subject to and decided by arbitration."

After a portion of the modular retaining wall collapsed, Van Deurzen provided services that included investigating the wall failure and performing additional design services for the wall reconstruction. Van Deurzen claimed that these services were authorized by Rieke. Van Deurzen billed Rieke for these services.

When Rieke refused to pay for the services, Van Deurzen filed a demand for arbitration with the American Arbitration Association under Article 9 of the contract. Rieke then filed an application with the district court to stay arbitration. Rieke argued that it was no longer subject to the terms and conditions of the contract as the contract had terminated when it paid Van Deurzen for the design of the wall. Rieke maintained that the additional work performed by Van Deurzen occurred after the contract had terminated. Moreover, Rieke asserted that it had no agreement with Van Deurzen for the performance of the additional work. Van Deurzen responded to Rieke's application to stay arbitration, contending that Rieke requested the additional services for the investigation of the wall failure, that the contract applied to the additional services, and that the parties were subject to arbitration under the contract.

The trial court conducted a hearing on Rieke's application to stay arbitration where it heard testimony from John Van Deurzen and Leon Rieke, secretary of Rieke. The trial court denied Rieke's

application to stay arbitration, finding that the dispute relating to the failure of and the investigation of the wall arose out of the agreement under the contract and that paragraph 9.1 of the contract relating to arbitration controlled. The trial court stated that issues concerning whether the services were proper, whether the services were defective, and whether Van Deurzen's rate was proper would have to be decided in arbitration.

The arbitrator denied Van Deurzen's claim and entered an award in favor of Rieke, finding that there had been no agreement between the parties for Van Deurzen's additional services. Van Deurzen moved to vacate the arbitrator's award, contending that the arbitrator exceeded his powers and entered a decision that was contrary to the trial court's findings and order. The trial court conducted a hearing on Van Deurzen's motion to vacate the arbitration award. At the hearing, the trial court stated that it had previously decided that there was a contract between the parties as to the additional services. The trial court noted that the issues of how much Van Deurzen should be paid for its services and whether Van Deurzen performed services according to the standard of care in the industry were matters for arbitration. Determining that the arbitrator had exceeded his powers and the trial court's orders, the trial court vacated the arbitration award and ordered a new hearing before a new arbitrator.

On appeal, Rieke argues that the trial court erred in finding that the arbitrator exceeded his powers and in granting Van Deurzen's motion to vacate the arbitrator's award. In addition, Rieke argues that under the contract in this case, the arbitrator's award should be final.

Nevertheless, before reaching the merits of Rieke's argument, we must consider Van Deurzen's contention that this court lacks jurisdiction over the appeal. Van Deurzen argues that an order vacating the arbitrator's award and ordering a new arbitration award is not final and appealable under K.S.A. 5-418.

Appellate courts have only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to Article 3, § 3 of the Kansas Constitution, and it is the appellate court's duty to dismiss an appeal when the record

discloses a lack of jurisdiction. *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. James*, 276 Kan. 737, 744, 79 P.3d 169 (2003).

Moreover, Van Deurzen's argument requires interpretation of K.S.A. 5-418. Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the trial court's interpretation of a statute. See *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

In interpreting K.S.A. 5-418, we bear in mind the following principle:

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

K.S.A. 5-418 governs appeals under the Kansas Uniform Arbitration Act, K.S.A. 5-401 *et seq.* Van Deurzen cites to *Kansas Gas & Electric Co. v. Kansas Power & Light Co.*, 12 Kan. App. 2d 546, 751 P.2d 146, *rev. denied* 243 Kan. 779 (1988), where this court recognized that the Uniform Arbitration Act was intended to limit appeals to those final in nature. See also *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 842, 925 P.2d 835 (1996) (recognizing that Uniform Arbitration Act follows Kansas general rule of prohibiting piecemeal appeals by requiring final judgment). We recognize that K.S.A. 5-418 was meant to limit appeals in proceedings under the Kansas Uniform Arbitration Act. K.S.A. 5-418 lists only six specific instances in which a party may bring an appeal:

"(a)An appeal may be taken from: (1) An order denying an application to compel arbitration made under K.S.A. 5-402;
(2)An order granting an application to stay arbitration made under subsection (b) of K.S.A. 5-402;
(3) An order confirming or denying confirmation of an award;
(4) An order modifying or correcting an award;
(5) *An order vacating an award without directing a rehearing*; or
(6) A judgment or decree entered pursuant to the provisions of this act.

"(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." (Emphasis added.)

K.S.A. 5-418(a)(5) states that a party may bring an appeal from "[a]n order vacating an award without directing a rehearing." Under K.S.A. 5-418(a)(5), the clear intent of the legislature was to limit a party's right to appeal an order vacating an arbitration award to situations where the trial court had not ordered a rehearing. In the instant case, the trial court vacated the arbitrator's award and ordered the parties back to arbitration for a rehearing. Because the trial court directed a rehearing in this case, K.S.A. 5-418(a)(5) provides no authority for Rieke's appeal.

Although the trial court stated that if an appeal is filed, this matter would be stayed until the appellate court rendered its decision. Again, the right to appeal is statutory. Here, the trial court's statement furnished no right of appeal to the appellant.

The instant case is analogous to *Hodes v. Comprehensive Health Associates*, 9 Kan. App. 2d 36, 670 P.2d 76 (1983). There, this court dismissed the appeal because the trial court's denial of a motion to stay arbitration was not a final appealable order under K.S.A. 5-418. In noting that the right to appeal is strictly statutory in nature, this court reviewed K.S.A. 5-418(a)(1) and (2), which set forth the right to immediate appeal from orders on applications made under K.S.A. 5-402. This court determined, however, that K.S.A. 5-418(a)(1) and (2) did not authorize the right to appeal from an order denying an application to stay arbitration made under K.S.A. 5-402(b). In reaching its decision that no immediate appeal was available in that case, this court quoted from the California case of *Jardine-Matheson Co., Ltd., v. Pacific O. Co.*, 100 Cal. App. 572, 575-76, 280 Pac. 697 [1929]), as follows:

" '[T]he fact that the legislature saw fit to specify in one code section the different orders and judgment from which appeals may be taken clearly indicates, in our opinion, an intention to restrict the appeals in such proceeding to the orders and judgment therein specified; and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated.' " 9 Kan. App. 2d at 38.

Similar to the decision in *Hodes*, we find no statutory authority granting Rieke the right to bring an immediate appeal from the trial court's order vacating the arbitration award and directing a rehearing. K.S.A. 5-418 is specific in setting forth the orders and judgments from which an appeal can be brought. K.S.A. 5-418(a)(5) restricts the right to an immediate appeal from an order vacating an arbitration award to those situations where the trial court has not directed a rehearing. There is no other provision under K.S.A. 5-418 that gives Rieke the right to bring an immediate appeal from the trial court's order. Based on the plain language of K.S.A. 5-418, we determine that the trial court's decision vacating the arbitration award and ordering a rehearing is not a final appealable order. The instant appeal must be dismissed as this court lacks jurisdiction.

Appeal dismissed.