NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-721

DHURATA AMETAJ & another[1]

vs.

PAMELA JULIAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Pamela Julian, appeals from an order of a single justice of this court denying her motion seeking a stay of a Superior Court judge's order compelling the parties to submit to arbitration.  The case concerns a longstanding dispute between the parties as to how repair costs for common areas of their shared condominium duplex would be distributed.  On August 24, 2020, at the defendant's request, a Superior Court judge stayed judicial proceedings and, pursuant to the condominium bylaws, ordered the parties to begin the arbitration process.

The defendant subsequently reversed course and filed several motions to stay the judge's order compelling arbitration on the grounds that arbitration was cost prohibitive.  The judge

---

[1] Arian Ametaj.

denied the last of these motions in an order dated June 9, 2022. The defendant then filed an "emergency motion to stay pending appeal" to a single justice of this court.

Before the single justice, the defendant's principal argument was that the Superior Court judge erred by not allowing the defendant to litigate this dispute in court rather than in arbitration because the defendant could not afford arbitration. The single justice denied the defendant's motion because an order compelling arbitration is not appealable under G. L. c. 251, § 18. Additionally, the single justice also treated the defendant's appeal as seeking relief from an interlocutory order pursuant to G. L. c. 231, § 118. The single justice deemed such an interlocutory appeal untimely because any petition challenging the Superior Court order to compel arbitration was due within thirty days of the entry of the order. See G. L. c. 231, § 118, first par. Before us is the defendant's appeal from the single justice's order.

Having reviewed the record and the parties' briefs, we agree with the conclusion of the single justice that the defendant did not articulate any immediately appealable issues. Old Rochester Regional Teacher's Club v. Old Rochester Regional Sch. Dist., 18 Mass. App. Ct. 117, 118 (1984). The Legislature has created limited circumstances where a litigant may appeal from an order that does not amount to a final judgment on the

2

merits.  See G. L. c. 251, § 18.  While the appealable postures the statute enumerates do concern arbitration, they work to encourage more arbitration, not less.  Kauders v. Uber Techs., Inc., 486 Mass. 557, 567 (2021) ("This dichotomy, allowing interlocutory appeals of orders denying a motion to compel arbitration but precluding such appeals of orders compelling arbitration, reflects the act's preference for expeditious arbitration once an initial decision on arbitrability is made").  The proper procedure for a party opposing an order to compel arbitration is instead to "wait until the arbitration is completed and the award is confirmed."  Id.  At that time, if the defendant objects to the outcome of the arbitration proceedings, her rights to appeal have been preserved and she may "challenge the legality of any arbitration award."  Weston Secs. Corp. v. Aykanian, 46 Mass. App. Ct. 72, 76 (1998).

We also agree with the single justice that any interlocutory appeal pursuant to G. L. c. 231, § 118, is untimely as the Superior Court order to compel arbitration entered on August 24, 2020.  Her appeal to the single justice

was in 2022, long after the thirty-day appeal time frame expired.

Single justice order dated
July 12, 2022, affirmed.

By the Court (Henry,
D'Angelo & Hodgens, JJ.[2]),

Assistant Clerk

Entered:  March 5, 2024.

---

[2] The panelists are listed in order of seniority.

4