NOT DESIGNATED FOR PUBLICATION

No. 127,042

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEFFREY D. GUEBERT,
*Appellant*,

v.

UPGRADE, INC., and TRANSUNION, LLC,
*Defendants*, and
VERIZON WIRELESS SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH MAUGHAN, judge. Submitted without oral argument. Opinion filed October 11, 2024. Appeal dismissed.

*Jeffrey D. Guebert*, appellant pro se.

*Danne W. Webb*, of Horn Aylward & Bandy, LLC, of Kansas City, Missouri, for appellee Experian Information Solutions, Inc.

*Jon R. Dedon*, of Kennyhertz Perry, LLC, of Mission Wood, for appellee Verizon Wireless Services, LLC.

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Jeffrey D. Guebert appeals the district court's order compelling arbitration based on a cell phone contract between Guebert and Verizon Wireless Services, LLC (Verizon). Because an order compelling arbitration is not a final

1

appealable order, this court lacks jurisdiction to consider the merits of Guebert's appeal and we must dismiss it.

FACTUAL AND PROCEDURAL HISTORY

In the summer of 2020, Jeffrey Guebert and his wife went to the Wichita Verizon store to buy two cell phones. Lacking the money to afford both devices up front, Guebert agreed to an installment contract with Verizon, requiring monthly payments. Guebert electronically signed both a loan agreement and a customer agreement. In the loan agreement for each device, the first paragraph stated in all capital letters:

> "SPECIFICALLY, YOU AND VERIZON WIRELESS (AND/OR THE SELLER) BOTH AGREE TO RESOLVE ALL DISPUTES UNDER THIS DEVICE PAYMENT AGREEMENT ONLY BY ARBITRATION OR SMALL CLAIMS COURT AND YOU WAIVE ANY RIGHT TO A JUDGE OR JURY IN ANY ARBITRATION."

The agreement also provided that by executing the contract, Guebert agreed to the "Verizon Customer Agreement (CA), including the Verizon Privacy Policy, and settlement of disputes by arbitration instead of a jury trial." Verizon's customer agreement contained a clause outlining the procedure for disputes:

> "**WE HOPE TO MAKE YOU A HAPPY CUSTOMER, BUT IF THERE'S AN ISSUE THAT NEEDS TO BE RESOLVED, THIS SECTION OUTLINES WHAT'S EXPECTED OF BOTH OF US.**
>
> "**YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT. YOU UNDERSTAND THAT BY THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY. WHILE THE PROCEDURES MAY BE DIFFERENT, AN ARBITRATOR CAN AWARD THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS**

2

**AGREEMENT, AS A COURT WOULD. IF THE LAW ALLOWS FOR AN AWARD OF ATTORNEYS' FEES, AN ARBITRATOR CAN AWARD THEM TOO. WE ALSO BOTH AGREE THAT:**

"(1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. . . .

. . . .

**"(8) IF FOR ANY REASON A CLAIM PROCEEDS IN COURT RATHER THAN THROUGH ARBITRATION, YOU AND VERIZON AGREE THAT THERE WILL NOT BE A JURY TRIAL. YOU AND VERIZON UNCONDITIONALLY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT IN ANY WAY. IN THE EVENT OF LITIGATION, THIS PARAGRAPH MAY BE FILED TO SHOW A WRITTEN CONSENT TO A TRIAL BY THE COURT.**"

Thereafter, Guebert failed to make his monthly payments, accumulating in an overdue balance of $588 owed to Verizon. In Verizon's attempt to collect the amount, Verizon reported the delinquent balance to credit reporting agencies—including TransUnion and Experian.

*Guebert initiates this lawsuit.*

Guebert brought this lawsuit, seeking damages for various claims of libel and negligence, against Verizon, TransUnion, and Experian; and additionally claiming breach of contract with regard to Upgrade, Inc.—a credit union. Verizon moved to dismiss the lawsuit or, in the alternative, compel arbitration, citing the arbitration clauses in both the loan and customer agreements. Guebert submitted declarations from Guebert and his wife, in addition to several exhibits, with the district court in response to Verizon's motion. The district court, after conducting a hearing on the matter, granted Verizon's

3

motion and ordered the parties submit to arbitration. And, after denying Guebert's motion for rehearing/amend judgment and objection to Verizon's proposed journal entry, the district court again ordered the parties to submit to arbitration. Guebert appealed the district court's order compelling arbitration.

ANALYSIS

Because Verizon raises the issue of appellate jurisdiction to consider the merits of Guebert's appeal, we must first examine our jurisdiction.

The right to appeal is entirely statutory. *State v. Perry*, 318 Kan. 374, 379, 543 P.3d 1135 (2024). Appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes, subject to certain exceptions. *In re T.S.*, 308 Kan. 306, 309, 419 P.3d 1159 (2018).

The statute governing appeals under the Kansas Uniform Arbitration Act, K.S.A. 5-423 et seq., lists the appeals which may be taken:

"(1) An order denying a motion to compel arbitration;

"(2) an order granting a motion to stay arbitration;

"(3) an order confirming or denying confirmation of an award;

"(4) an order modifying or correcting an award;

"(5) an order vacating an award without directing a rehearing; or

"(6) a final judgment entered pursuant to [the provisions of this act.]" K.S.A. 5-450(a).

The Legislature intended to limit the types of appeals taken in arbitration proceedings. *Max Rieke & Brothers, Inc. v. Van Deurzen & Assocs.*, 34 Kan. App. 2d 340, 343, 118 P.3d 704 (2005). Given the Legislature's exclusion of an order compelling arbitration from the list of appealable orders, our Supreme Court found appeals from such

4

orders lack appellate jurisdiction. *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 842, 925 P.2d 835 (1996).

Akin to piecemeal appeals, an appeal from an order compelling arbitration is an interlocutory one. Consider, for example, an appeal from an order *denying* a motion to arbitrate. Since the motion was denied, the parties may take no further action. Thus, under K.S.A. 5-450(a)(1) and (2)—and according to appellate procedure and jurisprudence—the order is final and appealable. *NEA-Topeka*, 260 Kan. at 842-43; see also *In re Estate of Ziebell*, 2 Kan. App. 2d 99, 101, 575 P.2d 574 (1978) ("[A]n order must have 'some semblance of finality' to be appealable.").

Conversely, consider an order *granting* a motion to compel arbitration. The parties' next step is to arbitrate. Thus, until the arbitrator reaches a decision, and that decision is challenged before the district court, there is no final appealable order. Accord *NEA-Topeka*, 260 Kan. at 844 ("[T]here is no right to an immediate appeal from an order to submit to arbitration."); *Max Rieke & Brothers, Inc.*, 34 Kan. App. 2d at 345 (appeal dismissed for lack of appellate jurisdiction where district court vacated a prior arbitration award and ordered a new arbitration hearing).

Here, the district court's order compelling the parties proceed with arbitration is not a final appealable order. Guebert fails to cite any authority showing he has a statutory right to bring an immediate appeal. The proper vehicle to resolve Guebert's claim rests with the arbitrator. Only when the arbitrator issues a final decision may Guebert file a timely appeal with this court. See K.S.A. 5-450(a)(3)-(6).

Because the district court's order compelling arbitration does not qualify as a final decision that is subject to an immediate appeal under K.S.A. 2023 Supp. 60-2102(a)(4), this court lacks appellate jurisdiction to reach the merits of Guebert's appeal. Accordingly, we are required to dismiss his appeal.

Appeal dismissed.