CITY OF WORCESTER & others[1] *vs.* ROBERT B. JOHNSON & others.[2]

Worcester.    January 14, 1976. — April 27, 1976.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Arbitration.    Contract,* For arbitration, Collective bargaining contract. *School and School Committee.*

Language in a collective bargaining agreement between a school committee and a teachers' association which permitted the association to file an application with the State board of conciliation and arbitration for review of an employee's grievance and reserved to the committee "the right to insist upon a court determination of the jurisdiction of the arbitrator" did not constitute an agreement by the committee to submit a grievance to arbitration. [260]
The legislative policy embodied in G. L. c. 150E, § 8, that all disputes between parties to a collective bargaining agreement should be resolved through a grievance procedure culminating in final and binding arbitration was not applicable to a collective bargaining agreement which was in effect prior to the effective date of the statute even though the agreement expired subsequent to the effective date. [260-261]

APPLICATION filed in the Superior Court on June 6, 1974, to vacate an award by the board of conciliation and arbitration.

The case was heard by *Meagher*, J.

_____

[1] The city of Worcester, the mayor, as such and as chairman of the school committee, and the members of that committee.

[2] Robert B. Johnson and other persons, as they are officers and members of the Educational Association of Worcester.

*Henry P. Grady,* City Solicitor, for the plaintiffs.
*Charles M. Healey, III,* for the defendants.

KEVILLE, J.   This is an application filed in the Superior
Court pursuant to G. L. c. 150C, § 11 (*a*) (5), to vacate an
arbitration award made by the board of arbitration and
conciliation (board) existing under G. L. c. 23, § 7. The
plaintiffs (collectively, the committee) appeal from a de-
cree denying their application to vacate the award, and
confirming the award in favor of the defendants, described
collectively herein as the "association." The association is
the authorized collective bargaining representative of the
public school teachers of Worcester.

On September 12, 1972, the association and the commit-
tee entered into a collective bargaining agreement pursu-
ant to G. L. c. 149, §§ 178G-178N (as in effect prior to St.
1973, c. 1078, § 1). The agreement, as extended, was effec-
tive until December 31, 1974. Under art. II B (2) (e) of the
agreement entitled "Grievance Procedure," the parties
agreed to permit the association, at the request of an em-
ployee, to file an application for "further review" of an un-
resolved grievance with the board under the provisions of
§§ 5 and 6 of G. L. c. 150. The grievance in question in-
volved the transfer of an individual to the post of assistant
to the principal of one of the city schools.

On February 7, 1974, the committee voted not to submit
the grievance to arbitration. The association's unilateral
request to the board for arbitration was granted. The com-
mittee, however, informed the board that it declined to
participate in the arbitration hearing held before the board
on April 23, 1974.

The award of the board made on May 23, 1974, nullified
the transfer. A copy of the board's award was mailed to
the committee on that day and received on the following
day, May 24, 1974. The committee objected in writing to
the award and on June 6, 1974, filed the application, now
before us, to vacate the award. The trial judge denied the
committee's application and confirmed the award on June
18, 1974.

We agree with the contention of the committee that the board did not have jurisdiction[3] to arbitrate the controversy and, therefore, its award is not enforceable against the committee. Article II B(2) (e) states: "In the event that the employee alleging a grievance is not satisfied with the decision of the School Committee, the Association may file at the request of the employee an application with the State Board of Conciliation and Arbitration for further review under the provisions of Section 5 and 6 of the General Laws, Chapter 150. The School Committee reserves the right to insist upon a court determination of the jurisdiction of the arbitrator."

In the case of *Sheahan* v. *School Comm. of Worcester,* 359 Mass. 702 (1971), the Supreme Judicial Court, in vacating the award of the board, held that identical language to that just quoted from the current agreement, as it appeared in a previous contract between the parties, "does not constitute an agreement by the Committee that it will submit any controversy to the board for arbitration. The inclusion in the agreement of the Committee's reservation of a right to insist upon a court determination of the jurisdiction of 'the arbitrator' does not require a different conclusion." *Id.* at 708.

The committee concedes that the present policy of the Legislature, as expressed in G. L. c. 150E, § 8,[4] inserted by St. 1973, c. 1078, § 2, is that all disputes between parties to a collective bargaining agreement (taking effect after July 1, 1974) should be resolved through a grievance procedure culminating in final and binding arbitration. However, that statute did not become effective until July 1, 1974 (see § 7), and § 5 of that statute provides that "the terms of any collective bargaining agreement in effect prior to the effec-

---

[3] See *Sheahan* v. *School Comm. of Worcester,* 359 Mass. 702, 709, n.4 (1971).

[4] Section 8 provides, inter alia, that the labor relations commission may order binding arbitration between public employer and employee upon the request of either party in the absence of such a grievance procedure in any written agreement.

tive date of this act shall remain in full force and effect until the expiration date of said agreement."

We conclude, therefore, notwithstanding the current legislative policy in regard to unresolved grievances, that since the agreement underlying the present controversy became effective on September 12, 1972, and did not expire until December 31, 1974, the position taken by the committee is correct by virtue of St. 1973, c. 1078, § 5. The language of art. II B (2) (e) as construed in the *Sheahan* case, *supra*, governs the present controversy.

We find no substance in the association's assertion that the committee's application to vacate the award was not timely. In the circumstances, the committee was not required to apply for a stay of arbitration under G. L. c. 150C, § 2 (*b*), in order to apply later for vacation of the award. General Laws c. 150C, § 11 (*a*) (5), permits a party to an award to apply to the Superior Court to vacate it on the ground that "there was no arbitration agreement." Section 11 (*b*) of that statute provides that such an application "shall be made within thirty days after delivery of a copy of the award to the applicant." See *Sheahan* case, *supra*, at 710. As shown earlier in this opinion, the committee's application to vacate the award was made within thirty days after its receipt of a copy of the award.

The decree denying the application to vacate the award, and confirming the award, is reversed and judgment is to be entered vacating the award.

*So ordered.*