PINE MFG. CO. INC. *vs.* INTERNATIONAL LADIES GARMENT WORKERS UNION, LOCAL 718. December 26, 1978. The plaintiff, Pine Mfg. Co., Inc. (Pine), appeals from a judgment in favor of the defendant, International Ladies Garment Workers Union, Local 718 (union), on Pine's application brought under G. L. c. 150C, § 11(a)(5), to vacate an arbitration award and from the allowance of the union's motion to confirm the award. 1. There is no merit in Pine's assertion that it was not a party to the collective bargaining agreement. The findings of the arbitrator make clear that when Pine established itself in Assonet, it was a successor to Taunton Nitewear Company, Inc. (Taunton), formerly located in the city of Taunton, and therefore bound by the arbitration agreement entered into between Taunton and the union. *John Wiley & Sons* v. *Livingston,* 376 U.S. 543, 551 (1964). *Local Joint Executive Bd., Hotel & Restaurant Employees & Bartenders Intl. Union* v. *Joden, Inc.,* 262 F. Supp. 390, 391-392, 396 (D. Mass. 1966). *Joint Bd. of Cloak, Skirt & Dressmakers Union I.L.G.W.U.* v. *Senco, Inc.,* 310 F. Supp. 539, 544 (D. Mass. 1970). Contrast *Howard Johnson Co.* v. *Detroit Local Joint Executive Bd., Hotel & Restaurant Employers & Bartenders Intl. Union,* 417 U.S. 249, 252-253 (1974). 2. Nor is there merit in Pine's assertion that there was error in allowing the union's motion to confirm the arbitrator's award where Pine chose not to avail itself of the provisions of G. L. c. 150c, § 2(b)(1), prior to the rendition of the award and, in fact, elected to raise the question of the existence of the arbitration agreement between it and the union in its application brought under § 11(a)(5). By so opting, judicial determination of the issue whether Pine was subject to the agreement (see *John Wiley & Sons* v. *Livingston, supra* at 546-547) was merely postponed until after arbi-

tration. See *Sheahan* v. *School Comm. of Worcester*, 359 Mass. 702, 709-710 (1971); *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 847 n.4 (1977); *Worcester* v. *Johnson*, 4 Mass. App. Ct. 258, 261 (1976). Compare *Post Publishing Co.* v. *Cort*, 334 Mass. 199, 204 (1956). 3. Pine concedes that the agreement between the union and Taunton authorized the award of liquidated damages against the employer in a situation "where it is difficult or impossible to ascertain the specific amount of damages suffered by [the employer's] workers or the Union." While the use of the word "penalty" by the arbitrator in conjunction with his award of $5,000 pursuant to Article XXXIV(2) of the agreement was inaccurate, we think it clear from the language as a whole employed in the next to last paragraph of the report that the arbitrator's intent was to award liquidated damages as provided for in that article. *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 793 (1977). *Cape Cod Gas Co.* v. *Steelworkers Local 13507*, 3 Mass. App. Ct. 258, 264-265 (1975), and cases cited.

*Judgment affirmed.*

The case was submitted on briefs.
*Henry C. Ellis* for the plaintiff.
*John F. McMahon* for the defendant.