Town of Bedford *vs.* AFSCME Council 93, Local 1703.

No. 06-P-407.

Middlesex. February 13, 2007. - May 18, 2007.

Present: Mills, Brown, & Graham, JJ.

*Arbitration,* Arbitrable question, Judicial review, Scope of arbitration, Collective bargaining. *Public Employment,* Collective bargaining. *Labor,* Grievance procedure.

In the circumstances of a complaint filed by a town against a labor union, seeking a stay, under authority of G. L. c. 150C, § 2(*b*), of the arbitration of certain grievances filed by the union, on the ground that the grievances had not been timely filed and therefore were not subject to arbitration, the judge erred in granting the town's application for a stay, where the question of timeliness was a procedural issue that the parties' agreement did not expressly exclude an arbitrator from deciding. [111-112]

Civil action commenced in the Superior Court Department on July 23, 2001.

An application for a stay of arbitration was heard by *E. Susan Garsh,* J.

*Joseph G. Donnellan* for the defendant.

*Tim D. Norris* for the plaintiff.

*Donald Siegel & Indira Talwani,* for Massachusetts AFL-CIO, amicus curiae, submitted a brief.

Brown, J. The town of Bedford (town) filed a complaint in Superior Court against AFSCME Council 93, Local 1703 (union) seeking a stay, under authority of G. L. c. 150C, § 2(*b*),[1]

---

[1] General Laws c. 150C, § 2(*b*), inserted by St. 1959, c. 546, § 1, provides in relevant part:

"Upon application, the superior court may stay an arbitration proceeding commenced or threatened if it finds (1) that there is no agreement to arbitrate, or (2) that the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration and disputes concerning the interpretation or application of the arbitration provision are not themselves made subject to arbitration. . . . [I]f the

of the arbitration of certain grievances filed by the union. The town asserted that the union's five grievances had not been timely submitted and therefore not subject to arbitration.

Initially, a Superior Court judge ordered a stay of arbitration, ruling that, based on the collective bargaining agreement (agreement), it was for the court, and not an arbitrator, to decide whether these particular grievances were arbitrable. At that time, rather than appealing the order to a panel of this court, the union filed a petition under G. L. c. 231, § 118, to a single justice of this court, who denied the union's petition.[2]

The case then proceeded, on the basis of the parties' joint status conference memorandum, before another Superior Court judge, who held an evidentiary hearing on the issue whether the grievances had been timely received by the town.[3]

The second judge determined that the grievances had not been timely received by the town, so as to render, based on the terms of the agreement, the challenged employee discharges as having been for just cause and not subject to the arbitration process. As a result, judgment entered in favor of the town.[4] The union appealed. We determine that, as matter of law, it was error to grant the town's application for a stay of arbitration.[5]

From the outset, the underlying case, litigated in Superior Court by a public employer against a union, went forward on the

court finds for the applicant it shall order a stay of arbitration, otherwise the court shall order the parties to proceed to arbitration."

[2]Pursuant to G. L. c. 150C, § 16, the appropriate appeal of such an order granting a stay of arbitration is to a panel of this court. See G. L. c. 150C, § 16, as appearing in St. 1997, c. 19, § 93 ("An appeal may be taken from . . . an order granting an application to stay arbitration made under paragraph (b) of section two . . . in the manner and to the same extent as from . . . judgments"). See also Mass.R.A.P. 15(c), 365 Mass. 859 (1974). Contrast *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 846-848 (1977) (unlike an order staying arbitration, an order denying a stay of arbitration is not appealable under G. L. c. 150C).

[3]The agreement provided that a grievance involving discharge, as here, must be in writing and "must be received by the [town] within three (3) working days from the date of discharge," or else the discharge shall be deemed to be for just cause and shall not be subject to arbitration.

[4]Although the hearing was on the merits of the issue as to whether the grievances were timely received, the judgment and subsequent corrected judgment ordered that "the [town's] application for a stay of arbitration is allowed."

[5]To the extent the town argues the union had waived its right to appeal to a

wrong footing. The timely filing of a grievance is a "procedural" question. See *Massachusetts Highway Dept.* v. *Perini Corp.*, 444 Mass. 366, 377 (2005), quoting from *Howsam* v. *Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) (procedural questions include " 'time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate' [emphasis omitted]"). It is for an arbitrator, not a court, to resolve a procedural question that "grow[s] out of" and "bear[s] on [a] final disposition [of]," a labor dispute encompassed by the parties' agreement. *Massachusetts Highway Dept.* v. *Perini Corp.*, supra at 376, quoting from *Howsam* v. *Dean Witter Reynolds, Inc.*, supra at 84. See *John Wiley & Sons* v. *Livingston*, 376 U.S. 543, 557 (1964) ("Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator"). Courts must honor this fundamental principle so that the policies behind G. L. c. 150C shall be advanced.

Here, the issue whether the grievances were timely received by the town is a procedural issue that the parties' agreement did not expressly exclude an arbitrator from deciding. See *Massachusetts Highway Dept.* v. *Perini Corp.*, supra at 376 n.11 ("Only those contracts with arbitration clauses that expressly preclude arbitrators from deciding . . . procedural disputes will support judicial intervention"). In addition, this procedural question grows out of and bears on the final disposition of the parties' labor dispute. Error was committed in not denying the stay of arbitration and not ordering the parties to proceed to arbitration. See *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 847 n.3 (1977).

Accordingly, we vacate the corrected judgment and remand the case to the Superior Court for entry of an order denying the application for stay of arbitration and directing the parties to proceed to arbitration.

*So ordered.*

panel of this court the issue whether the stay of arbitration was properly granted, it need not be emphasized that we are authorized to correct an error of law appearing in an appellate record.