SCHOOL COMMITTEE OF WATERTOWN *vs.* WATERTOWN
TEACHERS ASSOCIATION.

Middlesex. January 10, 1986. — April 17, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*School and School Committee,* Collective bargaining contract, Sabbatical
leave. *Arbitration,* Collective bargaining, School committee. *Contract,*
Collective bargaining contract.

A school committee's decisions concerning the granting of sabbatical leaves
to public school teachers are not within the exclusive managerial preroga-
tive of the school committee, and thus are an appropriate subject for
collective bargaining and binding arbitration. [348-350]

CIVIL ACTION commenced in the Superior Court Department
on August 1, 1983.

The case was heard by *Herbert Abrams, J.*

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Gary S. Brackett (Belinda Bean* with him) for the plaintiff.

*Susan Lee Weissinger* for the defendant.

O'CONNOR, J. In this case, the school committee of Water-
town (school committee) and the Watertown Teachers Associ-
ation (association) appeal from a judgment confirming in part
and vacating in part an arbitration award granted in the associ-
ation's favor. The only issue is whether decisions concerning
the granting of sabbatical leaves to public school teachers are
within the exclusive managerial prerogative of school commit-
tees. If they are, they cannot be the subject of collective bar-
gaining or binding arbitration. We conclude that such decisions
are not within the exclusive domain of school committees and
that therefore they are proper subjects of collective bargaining
and arbitration. Accordingly, we reverse the judgment to the

extent that it vacates part of the arbitration award, and we order that the award be confirmed in its entirety.

The background of this case can be summarized briefly. On June 9, 1980, the school committee and the association executed a collective bargaining agreement, the relevant portion of which provides that "[s]ubject to the provisions of Mass. G. L. Ch. 71 Sect. 41A . . . upon recommendation by the Superintendent of Schools and approved by the School Committee, sabbatical leaves will be granted for study to a member of the teaching staff by the Committee . . . ." The full text of this section of the collective bargaining agreement is set out in the margin.[1]

Apparently in response to the fiscal problems occasioned by "Proposition 2 1/2," the school committee did not include funds in its budget for sabbatical leaves for the 1981-1982 school year. Aggrieved by that decision, the association sought arbi-

---

[1] "Subject to the provisions of Mass. G. L. Ch. 71, Sect. 41A (See Appendix C, Section E of this Agreement) upon recommendation by the Superintendent of Schools and approved by the School Committee, sabbatical leaves will be granted for study to a member of the teaching staff by the Committee, subject to the following conditions:

"1. No more than three per cent (3%) of the teaching staff will be absent on sabbatical leave at any one time.

"2. Requests for sabbatical leave must be received by the Superintendent of Schools in writing in such form as may be required by the Superintendent of Schools no later than November 1st of the School year prior to that school year for which the sabbatic leave is requested.

"3. The teacher has completed at least seven (7) consecutive full school years of service on the Watertown School System.

"4. Sabbaticals may be granted for a full school year or for one-half (1/2) of the school year. Teachers on sabbatical leave for a full year will be paid at three-quarters (3/4) of their regular salary rate. Teachers on half-year (1/2) sabbatical leave will be paid at their full salary rate.

"4A. Sabbaticals for the first half of the school year will commence on the first (1st) day of school and sabbaticals for the second (2nd) half of the school year will begin on the 92nd day of the scheduled year as approved by the School Committee.

"The teachers will agree to return to employment in the Watertown School System in conformity with statutory requirements.

"6. Teachers on sabbatical leave will retain all benefits as if not on leave. Retirement contributions based upon salary received and other benefits shall continue. Teachers on sabbaticals will not accumulate sick leave for that period of time on sabbatical."

tration. After hearings, the arbitrator rendered a decision on June 23, 1983, that the school committee had violated the collective bargaining agreement by refusing to fund sabbatical leaves for the 1981-1982 school year. Focusing on the language of the agreement which states that "sabbatical leaves will be granted for study . . . ," the arbitrator concluded that, under the terms of the agreement, the funding of sabbatical leaves was mandatory, not discretionary. Interpreting the agreement to require funding of one full-year and one half-year sabbatical per school year, the arbitrator ordered the school committee to process and approve four full-year and four half-year sabbatical leaves to be funded and granted for the 1984-1985 school year. The award reflected the fact that no sabbatical leaves had been granted for the three years preceding it. Also, in response to an earlier and ongoing dispute between the parties concerning sabbatical eligibility criteria, the arbitrator "urged" the school committee and the association to develop mutually acceptable criteria.

Shortly after the arbitrator issued his decision, the school committee commenced this action in the Superior Court seeking to vacate the arbitrator's award. The association then moved to confirm the award. A judge of the Superior Court confirmed the arbitrator's determination that the school committee had violated the collective bargaining agreement, but he vacated the portions of the award ordering the funding of sabbatical leaves and urging the adoption of eligibility criteria. Both sides appealed from this judgment and we transferred the case to this court on our own motion. We now reverse that part of the judgment vacating the remedies ordered by the arbitrator and we affirm the balance of the judgment.

The sole issue is whether decisions concerning the granting of sabbatical leaves legally may be the subject of collective bargaining, and therefore delegable for decision in binding arbitration or, instead, are committed to the exclusive discretion of the school committee as one of its inherent management rights. If the decision whether to provide for sabbatical leaves is an appropriate subject of collective bargaining, the present dispute was delegated correctly to the arbitrator for a binding

determination of the parties' rights under the contract, and the determination will not be set aside for errors of law or fact. *School Comm. of W. Springfield* v. *Korbut,* 373 Mass. 788, 792 (1977). If, on the other hand, decisions whether to grant sabbaticals fall within the school committee's exclusive management prerogative, the provision of the collective bargaining agreement purportedly requiring sabbatical leaves would have no legal effect and, under G. L. c. 150C, § 11 (*a*) (3) (1984 ed.), the arbitrator's award would be a nullity. *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n,* 375 Mass. 522, 523 (1978). Therefore, the resolution of this case depends on how the decision to grant sabbatical leaves is characterized.

"It is by now well established in this [Commonwealth] that public policy may limit the ability of a public employer to bind itself in a collective bargaining agreement." *Boston Teachers Local 66* v. *School Comm. of Boston,* 386 Mass. 197, 211 (1982). *School Comm. of Boston* v. *Boston Teachers Local 66,* 378 Mass. 65, 70 (1979). In the context of public education, this court has outlined a number of subjects which are beyond the scope of collective bargaining. See, e.g., *Boston Teachers Local 66* v. *School Comm. of Boston, supra* at 211-212 (size of teaching staff); *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n, supra* at 526-527 (appointment of principal); *School Comm. of Danvers* v. *Tyman,* 372 Mass. 106, 111-112 (1977) (tenure). On the other hand, we have also recognized subjects which are not so intertwined with educational policy as to be beyond the scope of collective bargaining. See, e.g., *Bradley* v. *School Comm. of Boston,* 373 Mass. 53, 56-57 (1977) (transfer requests of principal); *Boston Teachers Local 66* v. *School Comm. of Boston,* 370 Mass. 455, 457 (1976) (class size, teaching load, and the number of substitute teachers to be hired).

We conclude that the decision to provide for sabbatical leaves is not within the exclusive managerial prerogative of the school committee. General Laws c. 71, § 41A (1984 ed. & Supp. Jan., 1986), clearly grants a school committee discretion to

grant leaves of absence for study or research, but nothing in that statute suggests that such a decision cannot be the subject of collective bargaining. We do not consider the decision to grant sabbatical leaves to be an integral component in the formulation of educational policy. Rather, the granting of paid sabbatical leaves is primarily an additional benefit included in the terms of a teacher's employment. As such, sabbatical leaves are proper subjects of collective bargaining. G. L. c. 150E, § 2 (1984 ed.).

Because the decision to grant sabbatical leaves is a proper subject for collective bargaining and arbitration, the arbitrator's interpretation of the collective bargaining agreement is final and in keeping with the principle that "arbitrators have broad discretion in fashioning appropriate remedies," *Wachusett Regional Dist. School Comm.* v. *Wachusett Regional Teachers Ass'n,* 6 Mass. App. Ct. 851 (1978), we will not disturb the arbitrator's award. Therefore, we remand this case for the entry of a judgment confirming the arbitrator's award in its entirety.

*So ordered.*