SCHOOL COMMITTEE OF QUINCY *vs.* QUINCY EDUCATION ASSOCIATION. April 25, 1986. *School and School Committee,* Compensation of personnel, Collective bargaining. *Municipal Corporations,* Collective bargaining, Municipal finance. *Arbitration,* Authority of arbitrator, Judicial review. *Law of the Case.*

In December, 1979, the school committee of Quincy entered into a collective bargaining agreement with the Quincy Education Association (union) covering a period which included the 1979-1980 school year. Among the provisions in the agreement were several calling for salary increases for various categories of school employees. Some of the salary provisions were expressly subject to funding by the city; others, setting forth the salaries for administrators, coaches and other extracurricular staff, were not stated to be subject to funding. Prior to December 12, 1979, funds had been appropriated to the school committee by Quincy's legislative authorities for the 1979-1980 school year. As of December, 1979, there were unspent funds in various school committee accounts in the amount of approximately $1,500,000. These funds had been designated by the school committee for purposes other than salaries. After the collective bargaining agreement was signed, the school committee requested, but was denied, supplemental funds from Quincy's legislative authorities. None of the salary increases for the 1979-1980 school year provided for in the collective bargaining agreement was paid. The cost of paying the increases for the administrators, coaches and other extracurricular staff would have been approximately $25,000. Approximately $23,000 of the money appropriated to the school committee for the school year in question remained unexpended at the end of the year.

The union has not taken issue with the school committee's refusal to pay those salary increases which, according to the terms of the agreement, were conditioned upon the receipt of additional funding. However, the union sought arbitration of its grievance regarding the failure of the school committee to pay those salary increases which were not stated in the agreement to be subject to additional funding. The parties agreed that the issue the arbitrator was to decide was the following: "Did the [c]ommittee violate the [a]greement . . . by failing to pay negotiated money benefits for the school year 1979-80 in all areas except [those expressly subject to funding] on or before June 20, 1980? If so, what shall be the remedy?" On April 29, 1981, the arbitrator, having considered the history of the negotiations, the circumstances attending the bargaining, and various provisions in the agreement, determined that the parties intended that *all* of the salary increases were to be subject to funding. Accordingly, in his award, the arbitrator

ruled that the school committee did not violate the agreement by refusing to pay the disputed salary increases.

The union promptly sought in the Superior Court to have the award vacated. On May 12, 1982, a Superior Court judge vacated the arbitrator's award pursuant to G. L. c. 150C, § 11(*a*) (3), "because the arbitrator exceeded his authority." The disputed provisions in the agreement for salary increases were, he ruled, "clearly on their face not subject to funding." Pursuant to G. L. c. 150C, § 11(*c*), the judge remanded the matter to the arbitrator for entry of an award not inconsistent with the judgment. Since the order was one which contemplated a further hearing, it was not appealable. G. L. c. 150C, § 16. See *Old Rochester Regional Teacher's Club* v. *Old Rochester Regional School Dist.*, 18 Mass. App. Ct. 117 (1984).

The case went back to the same arbitrator. On September 17, 1982, he found that the school committee had violated the agreement and ordered that the employees be paid the amounts due under the agreement, with interest. A different Superior Court judge heard the school committee's application to set the second arbitrator's award aside and the union's motion to confirm that award. The judge had before him the collective bargaining agreement and the arbitrator's·decisions; no additional evidence was offered. The judge vacated the second award, ruling that the arbitrator had exceeded his authority by awarding damages "where no appropriated funds were available to implement" the provision for the pay increases.

On appeal the parties focused their efforts on the question whether, based upon the essentially undisputed facts concerning the financial condition of the school committee on the relevant dates, there were "appropriated, uncommitted funds in the school budget . . . available" to implement the disputed salary provisions in the agreement. *Boston Teachers Union, Local 66* v. *School Comm. of Boston*, 370 Mass. 455, 464-465 (1976). *School Comm. of Boston* v. *Boston Teachers Union, Local 66*, 395 Mass. 232, 236 (1985).

We need not reach that question because we hold that the Superior Court's decision to vacate the first arbitration award was in error. We are "not compelled to treat the earlier erroneous decision of the Superior Court judge in the same cause as binding us . . . ." *School Comm. of Leominster* v. *Labor Relations Commn.*, 21 Mass. App. Ct. 245, 251 (1985). Accordingly, there is no occasion to enter the thicket of municipal finance law to determine when in the course of the annual processes for budgeting and appropriating funds they become "committed" within the meaning of the two Boston school committee cases cited above.

The union sought arbitration of its grievance concerning the interpretation of the agreement under a provision which made the arbitrator's decision "final and binding." In his first award, the arbitrator, consistent with the reference, rendered an interpretation of the agreement which we do not regard as lacking in reason. It is possible, of course, that his interpretation was wrong. However, the role of the courts in reviewing an arbitrator's

award is limited. G. L. c. 150C, § 11. Absent fraud, a court may not pass on an arbitrator's alleged errors of fact or law. *Concerned Minority Educators* v. *School Comm. of Worcester*, 392 Mass. 184, 187 (1984), and cases cited. *School Comm. of Watertown* v. *Watertown Teachers Assn.*, 397 Mass. 346, 348-349 (1986). *Triton Regional Dist. School Comm.* v. *Triton Teachers Assn.*, 7 Mass. App. Ct. 873, 874 (1979).

Considerations similar to those cited in *School Comm. of Leominster* v. *Labor Relations Commn.*, 21 Mass. App. Ct. at 252-253, persuade us that, to the extent that correction of the first Superior Court judge's order is a matter of discretion we ought to exercise our discretion to correct the erroneous vacation of the arbitrator's first award.

For the reasons stated we set aside both judgments of the Superior Court and order entry of a new judgment confirming the first arbitrator's award.

*So ordered.*

*Brian A. Riley* for the defendant.
*James A. Toomey* for the plaintiff.

