**THRIVENT FINANCIAL FOR LUTHERANS, Appellant,**

v.

**Colin BROCK, Appellee.**

Nos. 01–07–00356–CV, 01–07–00484–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 1, 2007.

Carlos R. Soltero, Karen Lynn Watkins, Scott S. Cooley, McGinnis, Lochridge & Kilgore, L.L.P., Austin, for Appellant.

Sidney Levine, Sealy, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

This interlocutory appeal and original proceeding arise from a dispute between Colin Brock and his insurer, Thrivent Financial for Lutherans ("Thrivent") over nonpayment of disability benefits, which Brock claims Thrivent owes him under a Thrivent insurance policy. As required by the policy, the trial court compelled the parties to arbitrate. Following an evidentiary hearing, the arbitrator denied Brock's claims. Thrivent moved the trial court to confirm the arbitration award. In turn, Brock requested the trial court to vacate the arbitration award on the ground that the award was obtained "by fraud, corruption, or other undue means." The trial court signed an order denying Thrivent's motion to confirm the award, vacating the arbitration award, and directing a rehearing before a new arbitrator. Thrivent appeals the order and also seeks review by way of a petition for writ of mandamus. Brock contends that we have no appellate jurisdiction over the interlocutory order and requests that the petition for mandamus be denied.

We dismiss Thrivent's interlocutory appeal for lack of jurisdiction and deny its petition for writ of mandamus.

## Interlocutory Appeal

Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders, such as the one in this case, only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998); *Eichelberger v. Hayton,* 814 S.W.2d 179, 182 (Tex.App.-Houston [1st Dist.] 1991, writ denied). Texas courts strictly construe statutes authorizing interlocutory appeals because a statute authorizing an appeal from an interlocutory order is in derogation of the general rule that only final judgments are appealable. *Walker Sand,* *Inc. v. Baytown Asphalt Materials, Ltd.,* 95 S.W.3d 511, 514 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

The Texas Arbitration Act (TAA) permits interlocutory appeals of certain orders relating to the arbitration process. Specifically, TAA section 171.098 permits appeals from orders

 (1) denying an application to compel arbitration made under Section 171.021;

 (2) granting an application to stay arbitration made under Section 171.023;

 (3) confirming or denying confirmation of an award;

 (4) modifying or correcting an award; or

 (5) vacating an award without directing a rehearing.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a) (Vernon 2005).

Brock contends that Thrivent's appeal should be dismissed because the trial court's order vacates the arbitration award and directs rehearing. Brock points out that such an order is not appealable under section 171.098. Brock notes that subsection 171.098(a)(5) permits an appeal of an ordering vacating an award when no rehearing is directed, but no provision permits an appeal when a rehearing is directed.

Thrivent responds that the order is appealable because it also denies confirmation of the arbitration award. Thrivent cites subsection 171.098(a)(3), which permits an appeal from an order denying confirmation of an award. Thus, we must determine whether an order denying confirmation of an arbitration award, vacating the award, and directing rehearing is an appealable order.

In *Stolhandske v. Stern,* we held that an order vacating an arbitration award and ordering rehearing was not an appealable interlocutory order. 14 S.W.3d 810, 815

(Tex.App.-Houston [1st Dist.] 2000, no pet.). We based this holding, in part, on the language of subsection 171.098(a)(5), which limits the review of orders vacating arbitration awards to those in which the trial court did not order a rehearing. *See id.* at 813. We contrasted the Federal Arbitration Act, which permits the appeal of all orders vacating arbitration awards, without specifically limiting the right of appeal to those orders that do not direct a rehearing. *Id.* at 814 (citing 9 U.S.C. § 16(a)(1)(E)).

We also concluded that an order vacating an arbitration award is not appealable under section 171.098(a)(3) as an implicit order denying confirmation of an award. *Id.* at 813–14. We reasoned, "The vacating of an arbitration award does not [automatically] deny a motion to confirm, but renders the consideration of an application to confirm moot." *Id.* at 815 (citing *North Carolina v. Davidson & Jones Constr. Co.,* 72 N.C.App. 149, 323 S.E.2d 466, 469 (1984)).

Lastly, in *Stolhandske,* we noted that the TAA is based on the Uniform Arbitration Act and looked to case law of other states, which have also adopted the uniform act. *See id.* at 814 (citing TEX. CIV. PRAC. & REM.CODE ANN. § 171.003 (providing, "This chapter shall be construed to effect its purpose and make uniform the construction of other states' law applicable to an arbitration.")). Citing cases from Maine, Minnesota, and Florida, we concluded, "[A]n order vacating an award and directing a rehearing is the functional equivalent of an order granting a new trial. Accordingly, such an order is not subject to direct appellate review." *Id.* (citing *Maine Dep't of Transp. v. Maine State Employees Ass'n,* 581 A.2d 813, 814 (Me. 1990); *Minnesota Teamsters Pub. & Law Enforcement Employees Union, Local No. 320 v. County of Carver,* 571 N.W.2d 598,

599 (Minn.Ct.App.1997); *Carner v. Freedman,* 175 So.2d 70, 71 (Fla. 3d DCA 1965)).

In *Stolhandske,* we also discussed *National Avenue Building Co. v. Stewart,* 910 S.W.2d 334 (Mo.Ct.App.1995), in which the Missouri Court of Appeals determined that it did not had jurisdiction to review an order that (1) specifically denied a motion to confirm an award; (2) vacated the award; and (3) directed a rehearing. 14 S.W.3d at 814–15. We noted that the court in *Stewart* decided that it had jurisdiction because the order appealed from specifically denied a motion to confirm and because Missouri law permits appeals from orders granting new trials. *Id.* at 815 (citing *Stewart,* 910 S.W.2d at 338–39).

In dismissing the appeal in *Stolhandske,* we found *Stewart* to be inapposite. We cited the fact that the order at issue in *Stewart* specifically denied a motion to confirm an arbitration award. *Id.* In contrast, the order in *Stolhandske* did not deny a motion to confirm; it only vacated the award and directed a rehearing. *Id.* We also noted that Texas, unlike Missouri, does not allow appeals from orders granting new trials. *Id.*

In contrast to the order in *Stolhandske,* the order signed by the trial court in the instant case denied Thrivent's motion to confirm the arbitration award in addition to vacating the award and directing a rehearing. We specifically stated in *Stolhandske* that we were not determining whether we would have jurisdiction to decide an appeal of such an order. *Id.* at 815 n. 1. Thus, while it is instructive, our holding in *Stolhandske* is not controlling.

Since we issued our opinion in *Stolhandske,* we have not had an opportunity to determine whether we have jurisdiction to hear an appeal of an order that denies a motion to confirm an arbitration award, vacates the award, and directs a rehearing.

As noted by the parties, a split in authority exists on this issue in Texas and nationally.

In *Prudential Securities, Inc. v. Vondergoltz*, the Fourteenth Court of Appeals held that section 171.098(a) did not authorize the appeal of an order denying confirmation of an arbitration award, vacating the award, and directing a rehearing. 14 S.W.3d 329, 331 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The *Vondergoltz* court recognized that, in *Stewart*, the Missouri Court of Appeals held a similar order to be appealable, but disagreed with the *Stewart* court's analysis. *Id.*

The *Vondergoltz* court noted that the *Stewart* court had reasoned that the Missouri legislature "could easily have added a proviso to subdivision (3) stating 'without directing a rehearing,'" as it had added to subdivision (5), if it had intended an order denying the confirmation of an award not be appealable when rehearing is directed. *Id.* (citing *Stewart*, 910 S.W.2d at 341).

Rejecting this reasoning, the Fourteenth Court of Appeals in *Vondergoltz* determined that "an order denying confirmation of an arbitration award is the functional equivalent of an order vacating an award." *Id.* On this basis, the court concluded,

> [W]here appeals are expressly provided in a statute for orders (a) denying confirmation of an award and (b) vacating an award without directing a rehearing, it most logically follows that an appeal is not allowed for orders denying confirmation or vacating an award where rehearing is directed as to either. To hold otherwise would render the language "without directing a rehearing" without effect and would elevate form over substance by allowing an appeal where rehearing is directed in denying a request

for confirmation but not in granting a request to vacate an award.

*Id.* (footnote omitted).

Lastly, the *Vondergoltz* court reasoned that "to the extent an order directing rehearing of an arbitration is analogous to an order granting a motion for new trial, the rule in Texas that the latter is not final or appealable dictates a result contrary to that reached in *Stewart* by reference to the opposite rule." *Id.* (footnote omitted).

In addition to the Fourteenth Court of Appeals, courts in Minnesota and the District of Columbia, when interpreting statutes nearly identical to section 171.098(a), have also held that an order like the one at issue are not appealable.

As here, in *Kowler Associates v. Ross*, the appellant argued that the order was appealable because it not only vacated the award and directed rehearing, but also denied the confirmation, which the appellant characterized as "a separate basis for the appeal," under the third subsection of Minnesota Statute section 572.26. 544 N.W.2d 800, 801 (Minn.Ct.App.1996) (citing MINN.STAT. § 572.26 subd. 1(3)). The Minnesota Court of Appeals disagreed.

The *Kowler* court cited a provision of the Minnesota arbitration act requiring a court to confirm an arbitration award, unless grounds are offered to vacate or modify the award.[1]  *Id.* (citing MINN.STAT. § 572.18). The court noted that the Minnesota act, in section 572.19, contained a separate provision governing the vacatur of arbitration awards. *See id.* Because the respondent had moved to vacate the award, the *Kowler* court reasoned that "the separate procedure for determining whether the award should be vacated ap-

---

**1.** As discussed *infra,* the TAA contains a similar provision, specifically, section 171.087. TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon 2005) (providing, "Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award.").

plied." *Id.* (citing MINN.STAT. § 572.19). The court continued, "The underlying action is a proceeding to vacate the award, and the decision to confirm the award depends on determination of the application to vacate." *Id.* On this basis, the court concluded, "[T]he order denying confirmation of the award is not appealable unless there is a basis for appeal of the prerequisite order vacating the award." *Id.*

The *Kowler* court also relied on rules of statutory construction to support its decision that the order was not appealable. The court opined, "[I]f an order that vacates an award and directs rehearing were construed to be appealable as an order denying confirmation of the award, then section 572.26, subd. 1(5), would be of no effect and an order vacating an award always would be appealable, even if a rehearing has been directed." *Id.* The court reasoned, "Such a construction would be inconsistent with the rules of statutory interpretation and the statutory prohibition against appeals from orders directing a rehearing." *Id.*

In support of its holding, the *Kowler* court made two final points. First, the court pointed out that "[a]n appeal may be taken from an order that denies confirmation, if the order also vacates the award without a rehearing." *Id.* at 802. Second, the court observed, "[W]hen a rehearing is directed, appellate review is premature because the arbitration process has not been completed." *Id.*

In *Connerton, Ray & Simon v. Simon,* the District of Columbia Court of Appeals also held that it had no jurisdiction to review an order such as the one at issue in this case. 791 A.2d 86, 88 (D.C.2002). The court concluded that the axioms of statutory construction dictated that the order was not appealable.

As did the Fourteenth Court of Appeals and the Minnesota Court of Appeals, the District of Columbia Court of Appeals rea-soned that, if it were to hold that the order was appealable because it in part denied confirmation of an award, then subpart five of the jurisdictional statute, specifying that only orders vacating an award "without directing a rehearing" are appealable, would be "rendered superfluous." *Id.* at 87–88 (discussing D.C.CODE § 16–4317(a)(5)). The court opined that such a reading violates the basic principle of statutory construction that each provision of a statute should be construed to give effect to all of the statute's provisions and not to render any provision superfluous. *Id.* at 88.

The *Simon* court also relied on the tenet of statutory construction that, "[w]hen a statute contains potentially inconsistent provisions, the more specific provision must govern or control, as a clearer and more definite expression of the legislative will." *Id.* (internal quotation omitted). The court noted that "D.C.Code 16–4317(a)(5) specifically addresses the jurisdictional impact of ordering a new hearing, whereas 16–4317(a)(3) is more general." *Id.*

Taking the opposite position from the above cases, the Texarkana Court of Appeals, in *Werline v. East Texas Salt Water Disposal Co.,* held that section 171.098(a)(3) permitted an appeal to review an order such as the one at issue. 209 S.W.3d 888, 896 (Tex.App.-Texarkana 2006, pet. filed). In so doing, the *Werline* court roundly criticized the Fourteenth Court of Appeals's opinion in *Vondergoltz* and agreed with the reasoning of the Missouri Court of Appeals in *Stewart.* *Id.* at 895–96.

According to the *Werline* court, *Vondergoltz* "is contrary to the plain language of the statute, and in essence, rewrites it." *Id.* at 895. The Texarkana Court of Appeals assailed *Vondergoltz* by stating that the opinion renders subsection (a)(3) "essentially meaningless" because *Vonder-*

*goltz's* interpretation "adds the phrase 'without directing a rehearing' into subsection (a)(3), and thereby rewrites the statute." *Id.*

The *Werline* court pointed out that the TAA requires a court to confirm an award unless grounds exist for vacating, modifying, or correcting an arbitration award and reasons that "unless the trial court fails to follow the statutory procedures, a denial of an application to confirm must be accompanied by a vacatur or other order." *Id.* (citing Tex. Civ. Prac. & Rem.Code Ann. § 171.087 (Vernon 2005)).

With this as background, *Werline* offers the following critique:

> Under *Vondergoltz*, an interlocutory appeal would only be authorized under subsection (a)(3) in the rare situation when the trial court denies a motion to confirm, but fails to vacate the award. Thus, only if the trial court refuses to follow the statutory procedures would an interlocutory appeal be available under subsection (a)(3). *Vondergoltz* renders subsection (a)(3) meaningless under the guise of preventing subsection (a)(5) from being meaningless.

*Id.*

The *Werline* court further criticized *Vondergoltz* by charging that it "destroys the benefits of the arbitral process" and creates the possibility that appeal will be denied indefinitely. *Id.* The court cautioned that the arbitration process could "continue ad infinitum" and warned that "[t]he trial court could continue to grant vacatur multiple times until the result it desires is reached or one of the party's resources are exhausted." *Id.* at 895, 896.

The *Werline* court opined that subsections (a)(3) and (a)(5) of section 171.098 can be harmonized under the plain language of the statute to give effect to each. *Id.* at 896. Specifically, the court commented that, under the statute's plain language, "a party can appeal the denial of an application to confirm, but is prohibited from appealing from the granting of a vacatur which directs a rehearing." *Id.* The court concluded, "We agree with *Stewart* that the trial court's order granting a motion to vacate and directing a rehearing does not extinguish a party's right to appeal the denial of its motion to confirm." *Id.* (footnote omitted).

The Texarkana Court of Appeals's opinion is thoughtful; however, we do not agree with its holding and offer the following observations. First, the impact of the *Werline* court's admonition that the arbitration process could "continue ad infinitum" under *Vondergoltz's* holding is weakened by the fact that an order vacating an arbitration order and ordering rehearing, without denying the confirmation, could also in theory result in perpetual arbitration. We assume that the legislature considered this when enacting TAA section 171.098(5), which by implication does not permit an appeal of such an order, as we held in *Stolhandske*. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a)(5); *Stolhandske*, 14 S.W.3d at 813.

Regarding the *Werline* court's comment that, "[u]nder *Vondergoltz*, an interlocutory appeal would only be authorized under subsection (a)(3) in the rare situation when the trial court denies a motion to confirm, but fails to vacate the award," we note that perhaps the legislature foresaw such a "rare situation" and enacted subsection (a)(3) to cover it. 209 S.W.3d at 895. Moreover, as pointed out by the Minnesota Court of Appeals in *Kowler*, "[a]n appeal may be taken from an order that denies confirmation, if the order also vacates the award without a rehearing." 544 N.W.2d at 802 (citing subsections (3) and (5) of the comparable Minnesota statute).

Taking the relevant legal authorities into due consideration, we next determine whether we have jurisdiction to de-

termine Thrivent's appeal. We begin by noting that the substance and function of an interlocutory order, when viewed in the context of the record, controls our jurisdiction. *See Walker Sand,* 95 S.W.3d at 515. Here, the governing statutory procedure and the record shows that the proceeding was predominantly one to vacate the arbitration award. That is, vacatur of the award was the paramount consideration of the trial court and controls jurisdiction in this case.

As discussed, TAA section 171.087 provides, "Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award." TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (Vernon 2005). In accordance with this provision, the trial court's decision to confirm or deny the award in this case depended on its decision whether to vacate the award. *See Kowler,* 544 N.W.2d at 801. The record reflects that Brock asserted that the award should be vacated and confirmation denied because the award was obtained "by fraud, corruption, or other undue means," one of the grounds expressly identified in section 171.088 to support vacatur. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(1) (Vernon 2005); *see also* 9 U.S.C.S. § 10(a) (Lexis Supp.2007) (providing, in Federal Arbitration Act, that award procured by fraud, corruption, or undue means may be vacated). The record reflects that the underlying proceeding focused on whether Brock's allegations regarding "fraud, corruption, or undue means" were correct. Thus, the trial court's denial of the confirmation was subsidiary to the trial court's vacatur of the award.

▮ Moreover, the trial court's vacatur of the award rendered moot the trial court's decision to deny confirmation of the award. *See Stolhandske,* 14 S.W.3d at 815. In any event, the determinative rul-

ing is the vacatur of the award, and the order at issue here is not subject to appeal unless the vacatur is appealable. *See Kowler,* 544 N.W.2d at 801. As discussed, an order vacating an award and ordering rehearing, such as the one in this case, is not an appealable order. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(5); *Stolhandske,* 14 S.W.3d at 813.

In addition, an order directing a rehearing, like the one at issue, does not have the indicia of finality that the other types of orders listed in section 171.098(a) possess. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a). For example, orders denying an application to arbitrate or confirming an arbitration award are final as to the merits of the issue being decided and are ripe for appeal. *See id.* This can also be said of an order that simply denies an award or vacates it.

In contrast, an order directing rehearing of the arbitration contemplates the continuation of the arbitration process and leaves unresolved disputed issues. *Bison Building Materials, Ltd. v. Aldridge,* —— S.W.3d ——, ——, No. 01–05–00330–CV, 2006 WL 2641280, at *5 (Tex.App.-Houston [1st Dist.] 2006, pet. filed) (holding that order confirming arbitration award in part, vacating award it in part, and implicitly directing rehearing is not appealable interlocutory order); *Brooks v. Pep Boys Auto. Supercenters,* 104 S.W.3d 656, 660 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (explaining that orders compelling arbitration are interlocutory per se because they contemplate continuing resolution of issues through arbitral process). Orders, such as the one at issue, do not possess the attribute of finality underlying TAA section 171.098, including subsection 171.098(a)(3). *See Simon,* 791 A.2d at 88.

Strictly construing TAA section 171.098, as we must, we conclude that we lack jurisdiction to consider Thrivent's interloc-

utory appeal of the trial court's order denying the arbitration award, vacating the award, and directing rehearing. Accordingly, we dismiss Thrivent's interlocutory appeal for lack of jurisdiction.

### Petition for Writ of Mandamus

By petition for writ of mandamus, Thrivent also challenges the trial court's order denying the arbitration award, vacating the award, and directing rehearing. Thrivent requests that we "order the trial court to reverse its ruling and render judgment confirming the January of 2007 arbitration award that Brock take nothing."

We deny Thrivent's petition for writ of mandamus.

### Conclusion

We dismiss the appeal in appellate cause number 01–07–00356–CV for lack of jurisdiction. We deny Thrivent's petition for writ of mandamus in appellate cause number 01–07–00484–CV.