IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0135
════════════
 
East Texas Salt Water Disposal 
Company, Inc., Petitioner,
 
v.
 
Richard Leon Werline, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Sixth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued January 16, 
2008
 
 
            
Chief Justice Jefferson, joined 
by Justice Medina and Justice Green, dissenting.
            
The Texas General Arbitration Act (TAA) permits a party to appeal an order 
“confirming or denying confirmation of an award” or “vacating an award without 
directing a rehearing.” Tex. Civ. Prac. 
& Rem. Code § 171.098(a)(3),(5). In this case, the trial court 
vacated an arbitration award and also refused to confirm it. Had the trial court 
stopped there, the order would have been final and appealable. But the court 
also ordered a rehearing. That order makes the trial court’s judgment 
interlocutory and, in line with almost all decisions in Texas and beyond, 
ineligible for appeal. By refusing to dismiss the appeal, the Court disregards a 
clear statutory mandate and goes against the weight of those decisions that have 
addressed the issue. I respectfully dissent.
 
I.          The 
trial court’s interlocutory order lacks finality under the TAA.
            
The TAA appeals provision, adopted verbatim in 1965 from the Uniform Arbitration 
Act, authorizes appeals of certain trial court orders, even if they are 
interlocutory, as long as they have attributes of finality. See Tex. Civ. Prac. & Rem. Code 
§ 171.098(a); Handbook of the 
National Conference of Commissioners on Uniform State Laws, prefatory 
note, 162 (1955) (stating “[t]he Section on Appeals is intended to remove doubts 
as to what orders are appealable and to limit appeals prior to judgment to 
those instances where the element of finality is present” (emphasis added)). 
The interlocutory order at issue here, which mandated a rehearing of Werline’s 
claims, lacks any “element of finality.” We must abide by the Legislature’s 
decision to exempt from appeal those cases that are bound to be reheard. See 
Ogletree v. Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007) (“Texas appellate 
courts have jurisdiction only over final orders or judgments unless a statute 
permits an interlocutory appeal.”); cf. Tex. A&M Univ. Sys. v. 
Koseoglu, 233 S.W.3d 835, 841 (Tex. 2007) (observing that we strictly 
construe the general interlocutory appeals statute as “‘a narrow exception to 
the general rule that only final judgments are appealable’” (quoting Bally 
Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001))).
II.        The Court’s 
holding conflicts with the majority of courts to examine the issue.
            
The TAA requires Texas courts to construe the act to “effect its purpose and 
make uniform the construction of other states’ law applicable to an 
arbitration.” Tex. Civ. Prac. & Rem. 
Code § 171.003. Section 171.098 is identical to section 19 of the 
Uniform Arbitration Act, so we look not only to Texas cases but also to those 
from courts in other states that have adopted section 19. Compare id. § 171.098(a), with Unif. Arbitration Act § 19, 7 U.L.A. 739 (1956). The majority of 
Texas courts of appeals that have considered the issue have concluded that an 
order denying confirmation of an award, while also vacating and directing a 
rehearing, is not appealable. See Thrivent Fin. for Lutherans v. Brock, 
251 S.W.3d 621, 627 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Prudential 
Sec., Inc. v. Vondergoltz, 14 S.W.3d 329, 331 (Tex. App.—Houston [14th 
Dist.] 2000, no pet.). But see 209 S.W.3d 888, 895. This is the identical 
conclusion reached by the state supreme courts that have considered the 
question. See, e.g., Me. Dep't of Transp. v. Me. State Employees Ass'n, 
581 A.2d 813, 815 (Me. 1990) (stating that “[t]o allow a party to appeal before 
the rehearing by simply filing a motion to confirm, a motion that would be 
denied by the court in conjunction with its order vacating the award and 
directing a rehearing, would be to circumvent [provisions equivalent to TAA 
(a)(5)]”); Karcher Firestopping v. Meadow Valley Contractors, Inc., 204 
P.3d 1262, 1265-66 (Nev. 2009) (holding that such an order is not “sufficiently 
final to be suitable for appellate review”); Double Diamond Constr. v. 
Farmers Coop. Elevator Ass’n of Beresford, 656 N.W.2d 744, 746 (S.D. 2003) 
(noting that the language “without directing a rehearing” in the Nebraska 
statute is “meaningful and not superfluous” (internal quotations omitted)). 
Intermediate appellate courts in other UAA jurisdictions have come to the same 
conclusion. See, e.g., Connerton, Ray & Simon v. Simon, 791 A.2d 86, 
88 (D.C. 2002) (holding that “[w]hen it is apparent that an order confirming or 
denying confirmation of an arbitration award does not represent the conclusion 
of the proceeding on the merits, it lacks the quality of finality . . . and is 
not appealable”); Kowler Assocs. v. Ross, 544 N.W.2d 800, 802 (Minn. Ct. 
App. 1996) (ruling that “when a rehearing is directed, appellate review is 
premature because the arbitration process has not been completed”).
            
The Nevada Supreme Court examined the caselaw on both sides of the issue and 
held:
 
[W]e find 
the decisions concluding that appellate courts lack jurisdiction to review 
orders denying confirmation of an arbitration award and vacating the award while 
directing a rehearing better reasoned and more persuasive. In particular, we 
agree with the various courts that have concluded that the plain language of 
their version of [the UAA], which provides for an appeal from orders vacating an 
arbitration award without directing a rehearing, bars appellate review of orders 
vacating an award while directing a rehearing, even if the order also denies 
confirmation of the award, which, on its own, would be appealable under a 
statute analogous to [the UAA]. As noted in these decisions, because in this 
matter the district court directed a rehearing, permitting appellate review at 
this point would render [the UAA’s] “without directing a rehearing” language 
superfluous.
Further, 
we agree with the conclusion reached by several courts that the statutory 
structure providing for appeals from arbitration-related orders, when read as a 
whole, is designed to permit appeals only from orders that bring an element of 
finality to the arbitration process. Here, the district court's order vacating 
the arbitration award and remanding for supplemental proceedings extended, 
rather than concluded, the arbitration process, and has not been identified by 
[the UAA] as sufficiently final to be suitable for appellate review. 
Accordingly, finding no statutory basis for an appeal from the district court 
order, we conclude that this court lacks jurisdiction over this appeal.
 
Karcher, 204 P.3d at 1265-66.
            
The Court asserts that “jurisdictions, other than Texas, that have considered 
whether to allow appeal in a situation like the one in this case appear about 
evenly divided on the issue,” ___ S.W.3d at ___, but the case law in fact leans 
the other way. See Stephen K. Huber, State Regulation of Arbitration 
Proceedings: Judicial Review of Arbitration Awards by State Courts, 10 Cardozo J. Conflict Resol. 509, 576 
(2009) (noting that states may require re-arbitration with an appeal of the 
initial order awaiting completion of the arbitration process and observing that 
“most states have in fact adopted precisely this approach”). Of the cases 
enumerated by the Court, almost all are distinguishable and most were decided a 
decade or more ago.
            
The Court’s reliance on a New York case, In re Baar & Beards, Inc., 
is beside the point, because New York has no statute governing appeals in 
arbitration cases. The court in Baar turned to state common law to 
resolve the issue, and its analysis is therefore inapplicable for our purposes. 
See In re Baar & Beards, Inc., 282 N.E.2d 624, 625 (N.Y. 
1972). The Arizona and Missouri cases are also inapposite because both of those 
states, by statute, authorize general appeals from orders granting new trials, 
which is not so in Texas. Compare Fruehauf Corp. v. Carrillo, 848 S.W.2d 
83, 84 (Tex. 1993) (“An order granting a new trial is an unappealable, 
interlocutory order.”), with Wages v. Smith Barney Harris Upham & 
Co., 937 P.2d 715, 719 (Ariz. Ct. App. 1997), and Nat’l Ave. Bldg. 
Co. v. Stewart, 910 S.W.2d 334, 338 (Mo. Ct. App. 1995) (noting that 
Missouri practice is distinguishable because “[The Missouri statute] 
specifically authorizes an appeal ‘from any order granting a new trial’ in any 
civil case”). Furthermore, as noted by the Court, Missouri case law has in fact 
come out both ways. See, e.g., Crack Team USA, Inc. v. Am. Arbitration 
Ass’n, 128 S.W.3d 580, 583 (Mo. Ct. App. 2004) (dismissing appeal).
            
Although the Court cites a Massachusetts case that appears to allow an appeal 
from an order that denies confirmation and directs a rehearing, the case never 
discusses the nature of the interlocutory order, or the authority on which it 
grants the appeal. See Fazio v. Employers’ Liab. Assurance Corp., 197 
N.E.2d 598, 600 (Mass. 1964). More recent Massachusetts decisions have directly 
addressed the issue of orders to vacate with a rehearing (without denying 
confirmation), and have denied the right of appeal—without even citing 
Fazio. See Suffolk County Sheriff's Dep't v. AFSCME Council 
93, 737 N.E.2d 1276, 1277 (Mass. App. Ct. 2000) (holding that the ordering 
of a rehearing caused the judgment to not be final and appealable); School 
Comm. of Quincy v. Quincy Educ. Ass’n, 491 N.E.2d 672, 673-74 (Mass. App. 
Ct. 1986) (“Since the order was one which contemplated a further hearing, it was 
not appealable.”).
            
The Court also points to a recent Utah court of appeals decision allowing for 
appeal. However, in that case, the court was required to do so because of state 
precedent interpreting the Utah constitutional provision authorizing appeals, 
not because the UAA mandated such a result. See Hicks v. UBS Fin. 
Servs., Inc., No. 20080950-CA, 2010 Utah App. LEXIS 20, at *16-*17 
(Utah Ct. App. Feb. 4, 2010) (noting that a “majority” of courts have dismissed 
such appeals, while a “minority” have allowed them).
            
A few cases do, in fact, support the Court’s interpretation: an unpublished 
appellate case out of Tennessee, which provides no jurisdictional analysis, 
Boyle v. Thomas, No. 02A01-9601-CV-00022, 1997 Tenn. App. LEXIS 807, at 
*5 (Tenn. Ct. App. Nov. 14, 1997); and a Minnesota decision which, as noted by 
the Court, ___ S.W.3d at ___, is one of two Minnesota cases that come to 
opposite conclusions: one permitting appeal without discussing jurisdiction, 
Safeco Ins. Co. v. Goldenberg, 435 N.W.2d 616, 621 
(Minn. Ct. App. 1989), and the other disallowing appeal because it “would be 
inconsistent with the rules of statutory interpretation and the statutory 
prohibition against appeals from orders directing a rehearing,” Kowler, 
544 N.W.2d at 801. Thus, it is accurate to say that the majority of 
states that have arbitration statutes comparable to ours have concluded that 
there is no appeal from an order that vacates an award, directs a rehearing, and 
denies confirmation. Even more compelling is the fact that every other Texas 
appellate decision concerning this issue, with the exception of the court of 
appeals’ opinion in this case, has interpreted it the same way. See 
Thrivent, 251 S.W.3d at 627; Stolhandske v. Stern, 14 S.W.3d 810, 813 
(Tex. App.—Houston [1st Dist.] 2000, pet. denied); Vondergoltz, 14 S.W.3d 
at 331.
            
The TAA directs us to construe its provisions so as to “make uniform the 
construction of other states’ law applicable to an arbitration”; we come closer 
to that mandate by holding that an interlocutory order that directs a rehearing 
may not be appealed.
III.       Precedent and 
statutory interpretation instruct us to treat an order vacating an award and 
directing a rehearing as the functional equivalent of an order granting a new 
trial.
            

            
The Court takes issue with the analogy drawn between the district court’s order 
in this case and the granting of a motion for new trial. ___ S.W.3d at ___ (“The 
Company argues that the district court’s order should not be appealable because 
it was like granting a motion for new trial in a case, which is not appealable. 
But the analogy does not fit.”).
            
Whether the Court can find a more fitting analogy is beside the point: both 
precedent and the statute itself direct us to treat much of the process as we 
would a civil trial, and “an order vacating an arbitration award and directing a 
rehearing is the functional equivalent of an order granting a new trial.” 
Stolhandske, 14 S.W.3d at 814; see also Bison Bldg. Materials, Ltd. v. 
Aldridge, 263 S.W.3d 69, 75 (Tex. App.—Houston [1st Dist.] 2006, pet. 
granted) (holding that order to vacate award and order new arbitration “‘is the 
functional equivalent of an order granting a new trial’” and therefore not 
subject to direct appellate review (quoting Stolhandske, 14 S.W.3d at 
814)); Thrivent, 251 S.W.3d at 623 (same); Me. Dep’t of Transp., 
581 A.2d at 815 (holding that barring appeal from an order that vacates an 
arbitration award and directs a rehearing “is consistent with the policy of 
barring an immediate appeal from the granting of a new trial in a civil case”); 
Minn. Teamsters Pub. & Law Enforcement Employees Union, Local No. 320 v. 
County of Carver, 571 N.W.2d 598, 599 (Minn. Ct. App. 1997) (holding that 
order vacating award and ordering rehearing is analogous to order granting new 
trial).
            
Notably, the TAA looks to civil court procedure to define how parties are to 
conduct multiple aspects of the arbitration and appeals process, including the 
taking of oaths, Tex. Civ. Prac. & 
Rem. Code § 171.049, depositions, id. § 171.050(b), 
subpoenas, id. § 171.051(d), witness fees, id. 
§ 171.052, notice requirements, id. § 171.093, service of process 
for subsequent applications, id. § 171.095(a), and, most relevant of 
all, appealing orders: “The appeal shall be taken in the manner and to the same 
extent as an appeal from an order or judgment in a civil action,” id. 
§ 171.098(b). Because the appeal must be taken “in the same manner” and “to 
the same extent” as an appeal from a judgment in a civil action, we have no 
discretion to ignore the interlocutory character of the trial court’s rehearing 
order.
IV.       The concurrence 
observes that the Court’s result “mirrors what the result would be under federal 
law” but ignores the substantive differences between the FAA and the 
TAA.
            
This case concerns only the Texas Arbitration Act, not its federal counterpart, 
which perhaps explains why the Court rejects Justice Willett’s proposal to conflate 
the two. See Huber, supra, at 577 (“Neither the Supreme Court nor 
any federal court of appeals have seriously suggested, let alone decided, that 
[the FAA appeals provision] supplants different state law in state courts.”). 
Where parties agree to abide by state rules of arbitration, and where the 
dispute is not preempted by the FAA, courts apply state law, even when it 
differs from the FAA. Ford v. Nylcare Health Plans of the Gulf Coast, 
Inc., 141 F.3d 243, 248 (5th Cir. 1998) (“‘Where . . . the parties have 
agreed to abide by state rules of arbitration, enforcing those rules according 
to the terms of the agreement is fully consistent with the goals of the FAA, 
even if the result is that arbitration is stayed where the [FAA] would otherwise 
permit it to go forward.’” (quoting Volt Info. Scis., Inc. v. Bd. of Trs. 
of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989))). The TAA 
prohibits appeal of an order “vacating an award without directing a rehearing”; 
the FAA omits “without directing a rehearing” from its appellate provision. Compare 9 U.S.C. § 16, with Tex. Civ. Prac. & Rem. Code 
§ 171.098(a)(5). That the Court’s interpretation leads to an 
identical result under both statutes only highlights the fact that the words 
“without directing a rehearing” are now superfluous under Texas law. See 
Vondergoltz, 14 S.W.3d at 331 (“To hold [that an appeal was allowed] would 
render the language ‘without directing a rehearing’ without effect and would 
elevate form over substance . . . .”); see also First Am. 
Title Ins. Co. v. Combs, 258 S.W.3d 627, 631 (Tex. 2008) (holding that a 
court must interpret the words of a statute “according to their common meaning 
in a way that gives effect to every word, clause, and sentence” (internal 
quotations omitted)).
            
The Court and the concurrence rewrite the TAA to make it consistent with the 
FAA, even though the TAA explicitly differs. This is contrary to the TAA’s plain 
language as well as its mandate—that we construe it “to effect its purpose and 
make uniform the construction of other states’ law applicable to 
an arbitration.” Tex. Civ. Prac. & 
Rem. Code § 171.003 (emphasis added); see also Tex. Gov’t Code § 311.028 (“A uniform 
act included in a code shall be construed to effect its general purpose to make 
uniform the law of those states that enact it.”). Texas, not federal, law 
governs this case, and that law is clear: a party may not appeal an order that 
grants rehearing.
V.        Section 
171.098(a)(5) is uniformly interpreted to prohibit appeals when a rehearing is 
granted.
            
The concurrence also argues that “subsection (5) allows an appeal when a 
rehearing is not granted,” but does not “disallow every appeal when a 
rehearing is granted.” ___ S.W.3d at ___. Instead, the concurrence crafts 
an exception for a vacatur with rehearing that “amounts to a denial of 
confirmation.” Id. at ___. This interpretation sidesteps the statute’s 
plain language, further eviscerating subsection (5)’s policy that disallows an 
appeal when an order, which grants a rehearing, is interlocutory. Even the court 
of appeals in this case rejected such an argument, conceding that “[u]nder the 
plain language of the statute, a party can appeal the denial of an application 
to confirm an arbitration award, but cannot appeal an order which vacates an 
award and directs a rehearing.” 209 S.W.3d at 893. Furthermore, the 
concurrence’s argument contradicts every other court’s construal of the statute. 
See Thrivent, 251 S.W.3d at 622-23; J.D. Edwards World Solutions Co. 
v. Estes, Inc., 91 S.W.3d 836, 839-40 (Tex. App.—Fort Worth 2002, pet. 
denied); Poole v. USAA Cas. Ins. Co., No. 14-99-00740-CV, No. 
14-99-01056-CV, 2000 Tex. App. LEXIS 6825, at *3-*4 (Tex. App.—Houston [14th 
Dist.] Oct. 12, 2000, pet. denied) (not designated for publication); 
Vondergoltz, 14 S.W.3d at 331. Finally, this argument is contrary to the 
prevailing view among state courts outside of Texas as well, which have held 
that an order vacating an award and directing a rehearing (without denying 
confirmation) is not final and appealable. See City of Fort Lauderdale v. 
Fraternal Order of Police, Lodge No. 31, 582 So. 2d 162, 162-63 (Fla. Dist. 
Ct. App. 1991) (holding that a rehearing order is interlocutory and not 
appealable); Carner v. Freedman, 175 So. 2d 70, 71 (Fla. Dist. Ct. 
App. 1965) (holding that an appeal from an order vacating an award while 
directing a rehearing is an appeal “improvidently taken”); Max Rieke & 
Bros., Inc. v. Van Deurzen & Assocs., P.A., 118 P.3d 704, 706-08 (Kan. 
Ct. App. 2005) (holding that a rehearing order was not final or appealable); 
Crack Team, 128 S.W.3d at 583 (holding that Missouri’s version of 
171.098(a)(5) “implicitly bars appeals from orders that direct a rehearing”); 
Neb. Dep’t of Health and Human Servs. v. Struss, 623 N.W.2d 308, 314 
(Neb. 2001) (finding an order directing a rehearing premature for review); 
Boyce v. St. Paul Prop. & Liab. Ins. Co., 618 A.2d 962, 969 n.4 (Pa. 
Super. Ct. 1992) (holding that Pennsylvania’s equivalent of 171.098(a)(5) 
implies that “an appeal cannot be taken from an order vacating an arbitration 
award and directing a rehearing”); Double Diamond Constr., 656 
N.W.2d at 746 (holding that “when a rehearing is ordered the decision to vacate 
is not appealable”).
VI.       
Conclusion     
            
The Court and the concurrence fear that a trial court can avoid confirmation by 
simply ordering rearbitration until the court likes the result, or one or both 
parties have given up. I share that concern. But a trial court’s rehearing order 
does not confer jurisdiction where the Legislature has said none exists. 
Appellate jurisdiction should not hinge on whether the trial court, in 
conjunction with an order vacating an award and directing rehearing, denies 
rather than dismisses as moot a motion to confirm. See Me. Dep’t of 
Transp., 581 A.2d at 815 (noting that a trial court “should not even 
consider a motion to confirm once the court has granted a motion to vacate, 
because vacating an arbitration award renders determination of a motion to 
confirm the award moot”). The TAA does not authorize an appeal of an order that 
directs a rehearing. I would reverse the court of appeals’ judgment and dismiss 
the appeal. Because the Court does otherwise, I respectfully dissent.
 
 
                                                                                                                        
            
_____________________________________
                                                                                                                                    
Wallace B. Jefferson
                                                                                                                                    
Chief Justice
 
 
OPINION DELIVERED: March 12, 
2010